## 30191. CREECY et al. v. THE STATE.

HALL, Justice.

The Creecy brothers appeal from their November 5, 1974, convictions of two counts of armed robbery and their concurrent ten-year sentences on each count.

1. The evidence supports the verdict and the trial court did not err in overruling the general grounds of the motion for new trial.

2. Appellants enumerate as error the overruling of their motion to suppress. They contend there was no probable cause for their arrest because a discrepancy existed between the radio description broadcast by the officer who responded to the robbery call, and the description claimed to have been received by the officer who made the arrest.

Based upon information furnished by the victim, a police officer immediately transmitted the radio lookout bulletin for a late model light colored car; perhaps a 1972 or 1973 model; possibly a light tan or cream colored Chevrolet. The perpetrators were described as two black males wearing T-shirts, one taller than the other, with the tall one wearing a short brimmed hat. The arresting officer testified that the lookout message he received was for a gold colored automobile, possibly a 1966 or 1967 Chevrolet, containing two black males, one taller than the other and one wearing a white T-shirt. He was further alerted that they would probably have in their possession two small caliber, snub-nosed pistols. This officer rushed to a point on the expressway and waited on the ramp observing traffic. About ten or fifteen minutes later, he spotted a gold colored late model Pontiac occupied by two black males, one of whom was wearing a white T-shirt. He testified that he thought it unusual that both occupants turned around and looked in his direction as they passed. The officer followed them and requested assistance, which resulted in a road block and the arrest of appellants. They were searched; officers found two pistols and slightly more money than was taken during the robbery.

The constitutional and statutory tests for the validity of an arrest without a warrant are set forth in *Peters v. State,* 114 Ga. App. 595, 596 (152 SE2d 647)

(1966), adopted by this court in *Strauss v. Stynchcombe,* 224 Ga. 859, 865 (165 SE2d 302) (1968). The trial court did not err in determining on these facts that the arresting officer acted with reasonable caution in believing that the two occupants of the automobile were the persons sought by the radio lookout bulletin. See *Phillips v. State,* 233 Ga. 800 (213 SE2d 664) (1974); *Brisbane v. State,* 233 Ga. 339 (211 SE2d 294) (1974); *Johnson v. State,* 230 Ga. 196 (196 SE2d 385) (1973); *Waller v. State,* 134 Ga. App. 886 (216 SE2d 637) (1975), cert. denied Sept. 17, 1975.

3. Appellants contend the trial court erred in overruling their motion to suppress the identification testimony based upon alleged irregularities in the pre-trial procedure. They do not contend that the lineup procedure was so impermissibly suggestive that it gave rise to a substantial likelihood of irreparable mis-identification. See Kirby v. Illinois, 406 U. S. 682 (1972). Rather, their contention is that the victim identified other individuals. While appellants introduced testimony to this effect by other individuals in the lineup, the victim and a police officer testified to the contrary and stated that both Creecys were positively identified in the lineup by the victim. This was simply a question of credibility for the trial court to determine in ruling on the motion. We find no error under the contention nor under Kirby, supra.

4. The trial court did not abuse its discretion in denying the motion for a continuance. The purpose of the motion was to obtain the presence of a defense witness who had testified the day before at the suppression hearing on the lineup identification. See Division 3. The proposed testimony of this witness was cumulative to that of two other defense witnesses. The trial court asked defense counsel for the address or telephone number of the witness. Counsel stated he had no address and the only telephone number was for the witness' brother and there was no answer. We find no abuse of discretion in the trial court's proceeding with the trial after an attempt was made to find the witness.

5. Appellants contend the convictions on two counts of armed robbery are illegal for the reason that they involve only one armed robbery transaction. Count 1

alleged that the victim, as bailee and employee was robbed of $193 (the amount taken from the cash registers in the liquor store). Count 2 alleged that the victim was robbed of his own property valued at $14 (the money in his billfold).

We agree with appellants that only one armed robbery occurred. Robbery is a crime against possession, and is not affected by concepts of ownership. Similarly, one may only rob a person, and not a corporate entity, or an object such as a cash drawer. See Code Ann. § 26-1902. It follows that since there was only one victim, the employee, who was by this single transaction despoiled of his possession of both these sums of money, there was only one robbery. The trial court erred in imposing two ten-year sentences for this offense, and is directed hereby to strike the sentence imposed on the second count.

*Judgment affirmed in part and reversed in part with direction. All the Justices concur.*

ARGUED SEPTEMBER 8, 1975 — DECIDED NOVEMBER 6, 1975.

Johnny Creecy, *pro se.*
*James H. Morawetz,* for appellants.
*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.