## 60711. CARTER v. THE STATE.

SHULMAN, Judge.

Appellant appeals his conviction of five counts of armed robbery. For the reason set forth in Division 5 the judgment is vacated and remanded.

1. Appellant submits that the trial court erred in overruling his objection to a remark of the prosecutor referring to "flight." Appellant contends that such a reference, without evidentiary support, impermissibly placed his character in issue. We disagree.

Although the court did not instruct the jury on the law of "flight," we cannot agree that there was no evidence to support the inference of flight. There was testimony by the arresting officer that he caught up with the vehicle in which defendant was riding a few miles out of town and that defendant had two suitcases with him. Such evidence, while not conclusive of flight, could reasonably give rise to such an inference. See, e.g., Stocks v. State, 240 Ga. 802 (242 SE2d 719); Nair v. State, 236 Ga. 892 (2) (226 SE2d 61); Howard v. State, 148 Ga. App. 598 (251 SE2d 829).

Appellant's contentions of error in regard to the references of flight are therefore without merit.

2. Nor do we agree with appellant's assertion that the trial court's charge on "admissions" was not related to the evidence. Appellant made the statement that he enjoyed terrorizing and threatening "old men and women" (in reference to the armed robbery in question), and asked the investigating officer if he would like to find some of the (presumably stolen) watches, in such a way as to imply his knowledge of their location and his complicity in their theft. These statements could be construed by the jury to constitute admissions; therefore, the charge on admissions was relevant and properly adjusted to the evidence. See Mangrum v. State, 155 Ga. App. 334 (270 SE2d 874) (1980).

3. Appellant apparently contends that because two of the alleged victims of the armed robbery were husband and wife, and the joint owners of the stolen property, it was error to charge the defendant with two counts of armed robbery in regard to such victims and that he should have been granted a directed verdict as to at least one of such offenses.

"Robbery is a crime against possession, and is not affected by concepts of ownership." Creecy v. State, 235 Ga. 542, 544 (221 SE2d 17). That being so, the fact that the property may have been jointly owned does not preclude the appellant from being convicted of two counts of armed robbery. See, e.g., Painter v. State, 237 Ga. 30 (226 SE2d 578), where defendant, having robbed a husband and wife, was

convicted of two counts of armed robbery. The court did not err in denying appellant's motion for directed verdict.

4. Appellant moved for a continuance on the ground that he had insufficient time to consult with counsel. We find no error in the court's denial of a continuance on this ground.

Defense counsel asserted that he was unable to communicate with appellant in that appellant was incarcerated prior to trial and could not communicate with counsel by telephone. The facts showed, however, that counsel did have access to the appellant (who was incarcerated in Waycross, Georgia, approximately 27 miles from where he was presently on trial), and that counsel could have reached appellant by traveling to Waycross. We refuse to find on this basis that the court abused its discretion in denying appellant's motion for continuance.

"Such motions for a continuance predicated on the basis that counsel had not had sufficient time to prepare for trial address themselves to the sound discretion of the trial court, and the ruling of the trial judge in denying a motion for continuance will not be interfered with unless the court has abused its discretion in denying the motion." *Burnett v. State,* 240 Ga. 681, 684 (242 SE2d 79).

5. We agree, however, that the trial court erred in denying appellant's motion for continuance to obtain a transcript of a prior trial of the defendant.

Defendant contends that a continuance was necessary for purposes of cross examination and impeachment of the witnesses to be presented against him. Defendant submitted that a transcript of the prior trial was not available at the time the present case was called for trial, although he made written request for such on at least three separate occasions. In accordance with *Martin v. State,* 151 Ga. App. 9 (7) (258 SE2d 711), and *Coaxum v. State,* 146 Ga. App. 370 (246 SE2d 403), "[w]e . . . remand the case for a new hearing on the motion for continuance in order to determine why the transcript was not available to the defense. If the evidence at the hearing indicates that defense counsel was denied the transcript despite his due diligence in attempting to obtain it, then the judgment of conviction must be reversed for a new trial. Otherwise, the conviction is affirmed." *Coaxum,* supra, p. 372.

*Judgment vacated with direction. Quillian, P. J., and Carley, J., concur.*

SUBMITTED OCTOBER 6, 1980 — DECIDED DECEMBER 1, 1980.

*Jimmy J. Boatright,* for appellant.

*Dewey Hayes, District Attorney,* for appellee.