## 63708. PHILLIPS v. THE STATE.

BANKE, Judge.

The appellant, Terrance Phillips, was convicted on all three counts of an indictment charging him with theft, attempted theft, and entering an automobile with the intent to commit theft. A co-indictee named Jimmy Avery pled guilty to the charges and testified against him. Avery stated that he and the appellant were driving around one afternoon when they encountered two women throwing a frisbee near Buford Dam. They prevailed upon the women to allow them to participate in the game, and while the two women were chasing a particularly long throw, the appellant took a pocket book from their car. The two men sped off, and the women gave chase until the fleeing vehicle hit a curb and flipped over. The men fled on foot but were later arrested based on information provided by an acquaintance.

The testimony of the theft victim and her companion substantially corroborated Avery's testimony. Although neither woman was able to identify the appellant at a lineup, each testified that the two men had introduced themselves as Ted and Jim. *Held:*

1. The charge of entering an automobile with the intent to commit a theft was based on the same entry into the automobile which resulted in the theft of the pocketbook. Since the evidence introduced to establish the latter also established the former, it follows that the former was included in the latter as a matter of fact. See generally Code Ann. § 26-505; *Gunter v. State,* 155 Ga. App. 176 (1) (270 SE2d 224) (1980). Since the appellant may not be convicted of both offenses, the conviction for entering an automobile with the intent to commit a theft is accordingly reversed. See Code Ann. § 26-506 (a).

2. The attempted theft charge relates to an unsuccessful attempt by Avery to remove some necklaces which the victim had placed around the antenna of her automobile so that they would not be in her way while she was throwing the frisbee. If Avery had been successful in this attempt, the resulting theft of the necklaces would have constituted part of the same transaction, and thus part of the same crime, as the theft of the pocketbook. "Where several articles are stolen at one time, there is only one larceny, whether the ownership is in one person or in different persons." *Dean v. State,* 9 Ga. App. 571 (71 SE 932) (1911). In this respect, crimes against property differ from crimes against persons, for one who, by a single act, injures more than one person may be charged with multiple offenses. See *Webb v. State,* 68 Ga. App. 466 (23 SE2d 578) (1942). See also *Corson v. State,* 144 Ga. App. 559 (1) (c) (241 SE2d 454) (1978). Since the appellant and his accomplice would have been guilty of only one theft had they made off with both pocketbook and the necklaces, it follows that the appellant may not be convicted of a separate offense for the attempted theft of the necklaces. Accordingly, the conviction for criminal attempt must also be reversed.

3. The testimony of the victim and her companion was amply sufficient to corroborate the testimony of the accomplice. See generally Code § 38-121. A rational trier of fact could reasonably have found the appellant guilty of theft beyond a reasonable doubt.

4. In his remaining enumerations of error, the appellant contends that the trial court gave inadequate remedial instructions to the jury after sustaining a hearsay objection to the testimony of a witness, that the court erred in failing to give corrective instructions *sua sponte* on another occasion when a state's witness allegedly made inflammatory and prejudicial remarks, and that the court itself made prejudicial comments in response to a juror's question as to why Avery's name was still on the indictment. Since no motion for mistrial or request for corrective instructions was made in any of these instances, they provide no ground for reversal.

5. For reasons stated above, the conviction for theft is affirmed, and the convictions for criminal attempt and for entering an automobile are reversed.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 13, 1982 —
REHEARING DENIED APRIL 28, 1982 — ■

*Roy David Petersen,* for appellant.
*Rafe Banks III, District Attorney,* for appellee.