64886. HARRIS v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of two counts of kidnapping, rape, attempted aggravated sodomy and two counts of impersonating a police officer. On appeal he contends that the trial court erred by denying his motion to suppress evidence and over objection, admitting such evidence. Appellant also claims error in the denial of his motion for a directed verdict of acquittal as to all offenses and raises the question of lack of venue in connection with this motion.

Appellant gained entrance into the victim's home in Ware County, Georgia, on the pretext he was a police officer from Atlanta with a warrant for the victim's arrest. Appellant advised the victim she had to go to the police station, so the victim, her 22-year-old son and appellant departed in the victim's car. After going through Blackshear, located in Pierce County, the victim's son was forced out of the car. Appellant took the victim to a field at an unknown location and attempted to force the victim to commit sodomy by threatening her with a gun. The victim refused; appellant then twice raped the victim at gunpoint. The victim was released a short time later and contacted the police.

1. Appellant in his motion for a directed verdict of acquittal of the kidnapping charges argues venue lies in Ware County and not in

Pierce County. Appellant relies on *Krist v. State,* 227 Ga. 85 (179 SE2d 56) (1970) and OCGA § 17-2-2 (a) (formerly Code Ann. § 26-302 (a)) in support of this contention.

The victim's home was in Ware County, Georgia and she and her son were taken therefrom (abducted) as a result of appellant's representation that he was a police officer. Both Art. VI, Sec. XIV, Par. VI of the Constitution of Georgia of 1976 (Code Ann. § 2-4306) and OCGA § 17-2-2 (a) (Code Ann. § 26-302) provide that all criminal cases shall be tried in the county where the crime was committed. Appellant was tried for kidnapping pursuant to the provisions of OCGA § 16-5-40 (a) (formerly Code Ann. § 26-1311) which provides: "A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will."

Prior to its amendment in 1953, former Code Ann. § 26-1601 required that before a person could be guilty of kidnapping the perpetrator had to send or convey the victim beyond the limits of the state or county thereof against his will. The kidnapping statute was amended in 1953 to eliminate this requirement. Ga. L. 1953, Nov. Sess., pp. 99, 100. In speaking of this amendment and its effect on venue in kidnapping cases our Supreme Court held: "Although we have found no Georgia case directly ruling on the venue of criminal prosecutions for kidnapping for ransom, all of the Georgia cases involving kidnapping have been tried in the county in which the victim was seized and the question of venue was not raised . . . If venue was in the county from which the victim was seized even while the statute made the offense not complete until the victim was taken or sent beyond the limits of such county, then a fortiori, *venue is still in such county* now that the crime can be committed wholly within one county. This is in accordance with the general rule in other jurisdictions." *Krist,* supra, at 91 (4) (Emphasis added.)

In a later case involving a kidnapping in one county and the murder of the kidnapping victim in a different county, the Supreme Court held: "As a matter of law, the two offenses were not within a single court's jurisdiction." *Potts v. State,* 241 Ga. 67, 78 (243 SE2d 510) (1978). See also *Stephens v. Hopper,* 241 Ga. 596, 599 (247 SE2d 92) (1978).

Since the victim and her son were seized in Ware County, i.e., they were taken away without lawful authority or a warrant, venue was in Ware County. *Krist,* supra. "Proof of venue is part of the State's case, and a failure of the State to prove venue is cause for a reversal." *Parks v. State,* 212 Ga. 433, 434 (3) (93 SE2d 663) (1956). See also *Patterson v. State,* 157 Ga. App. 233, 234 (276 SE2d 900) (1981); *Dickerson v. State,* 186 Ga. 557, 559 (199 SE 142) (1938). The

state failed to prove venue in Pierce County as to the kidnapping charges; in fact, the state's evidence established that under existing law venue was in Ware County. *Krist,* supra. Thus, as to the kidnapping offenses we must reverse appellant's conviction. *Parks,* supra.

2. As to the charge of impersonating an officer, while appellant likewise argues that venue was in Ware County, in this instance the offense of impersonating an officer was a continuing one. In *Crosby v. State,* 232 Ga. 599, 600 (2) (207 SE2d 515) (1974) the Supreme Court held: "It has long been the rule that certain crimes which are of a continuing nature may be prosecuted, at the election of the state, in any county through which the defendant travels while continuing the commission of the crime." Since appellant continued to impersonate a police officer while traveling through Pierce County, venue was properly in that county if the state elected to prosecute appellant in that county.

3. Appellant also contends as to the charges of rape and attempted aggravated sodomy that the state failed to carry its burden of establishing that the offenses occurred in Pierce County where the case was tried. We disagree. OCGA § 17-2-2 (h) (Code Ann. § 26-302) provides: "*Crime in more than one county.* If in any case it cannot be determined in what county a crime was committed, it shall be considered to have been committed in any county in which the evidence shows beyond a reasonable doubt that it *might* have been committed." (Emphasis added.) The offenses occurred shortly after driving through Blackshear, located in Pierce County; the victim's son was ordered out of the car in Pierce County; the first person the victim saw after being released was in Pierce County; and the law enforcement officers who responded to the calls for assistance were from Pierce County. Such evidence established beyond reasonable doubt that the offenses might have been committed in Pierce County, and is sufficient to show that venue as to these offenses was in Pierce County. OCGA § 17-2-2 (h) (Code Ann. § 26-302); *Moss v. State,* 160 Ga. App. 42 (1) (285 SE2d 776) (1981).

4. After denying a motion to suppress and overruling an objection when the evidence was tendered, the court admitted into evidence the police badge used by appellant in impersonating a police officer. Appellant contends in each instance this was error because the evidence relating to appellant's possession of the badge was based on hearsay and had no probative value. The evidence shows that Deputy Sheriff Green went to the residence of appellant's cousin with an arrest warrant for appellant. On arrival appellant's brother met Green and *voluntarily* gave him the badge allegedly used by appellant. Since this evidence was not illegally seized, a motion for

pretrial suppression was improper. *Barnett v. State,* 123 Ga. App. 369, 370 (180 SE2d 921) (1971). See also *Reynolds v. State,* 147 Ga. App. 488, 489 (2) (a) (249 SE2d 305) (1978).

The police badge was identified by the victim and her son as the one worn by appellant in his impersonation of an officer. This being direct evidence, not hearsay, the objection is without merit. *Evans v. State,* 238 Ga. 254, 256 (3) (232 SE2d 533) (1977).

5. Lastly, we note that appellant was charged with two counts of impersonating an officer. Our Supreme Court has held that although a defendant may be *prosecuted* for all crimes committed, he may not be convicted of more than one crime if the crimes charged are the same in law or fact. *Pryor v. State,* 238 Ga. 698, 700 (234 SE2d 918) (1977). It is clear that appellant's impersonation of a police officer was but one act, even though he so represented himself to two persons (the victim and her son) who were together. Hence, one of the two counts of impersonating an officer must be reversed and the sentence therefor must be set aside.

*Judgment affirmed as to rape, attempted aggravated sodomy and one count of impersonating an officer. Judgment reversed on all counts of kidnapping and one count of impersonating an officer. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 28, 1983.

*Phillip N. Golub,* for appellant.
*C. Deen Strickland, District Attorney,* for appellee.