A89A1088. JACKSON v. THE STATE.
(389 SE2d 521)

POPE, Judge.

Defendant Roy Lee Jackson appeals his conviction by a jury of two counts of armed robbery, enumerating as error the trial court's instructions to the jury. *Held*:

1. Defendant, relying on *Williams v. Kemp*, 255 Ga. 380 (338

SE2d 669), cert. denied, 478 U. S. 1022 (1986) and *Powell v. State*, 187 Ga. App. 878 (372 SE2d 234) (1988), first argues that the trial court's charge to the jury that they could "infer . . . that a person of sound mind and discretion intends the natural and probable consequences of his acts" is unconstitutionally burden-shifting and hence his conviction must be reversed. We disagree. The record shows that defendant relied solely on an alibi defense at trial and thus, as he acknowledges on appeal, intent was not at issue in this case. "In our opinion, [defendant's alibi] defense raised the question of whether the [defendant] participated in the acts [comprising the charges against him], but did not create any material issue on the question of whether the [defendant] intended the consequences of his acts. Under these circumstances, it is clear to us beyond a reasonable doubt that the error in the charge did not contribute to the verdict of guilty." *Williams v. Kemp*, supra at 388.

2. Defendant also contends the trial court erred in instructing the jury that "where a defendant's statements are not consistent with and do not explain other direct and circumstantial evidence, defendant's explanation may be rejected by you, the Jury, as the trier of fact." Although not expressly approving this portion of the charge,[1] we find no reversible error. "It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error. [Cits.]" *Williams v. State*, 249 Ga. 822, 825 (3) (295 SE2d 293) (1982). Our review of the transcript shows that the charge, when taken as a whole, properly informed the jury as to the law concerning the determination of the credibility of the witnesses at trial, including the defendant, and the weight to be given to the testimony presented. Accordingly, we find this enumeration to be without merit. Accord *Brantley v. State*, 190 Ga. App. 642 (2) (379 SE2d 627) (1989) (in which the court declined to reverse the conviction where the jury was charged "[w]hat are the probabilities, the likelihood of [the defendant] lying under all the circumstances. . . ."

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

---

[1] Although, as the State argues, the language charged by the court here appears in several cases decided by this court, "that fact alone does not render it appropriate as a jury instruction. . . . Language which would be proper in a headnote or in the opinion by a reviewing court may be improper when embodied in a charge to a jury, and the fact that the excerpt was taken verbatim from a decision of this court did not make the giving of it proper." (Citation and punctuation omitted.) *Blount v. Moore*, 159 Ga. App. 80, 82 (282 SE2d 720) (1981).

Decided November 29, 1989 —
Rehearing denied December 7, 1989 —

L. Clark Landrum, for appellant.
David E. Perry, District Attorney, Ronald M. Adams, Assistant District Attorney, for appellee.