A90A1346. BROWN v. THE STATE.
(398 SE2d 424)

COOPER, Judge.

Appellant appeals his conviction of the offense of felony obstruction of a police officer.

The arresting officer testified at trial that he had been requested to patrol a certain area, and on patrol, noticed several people congregated on a vacant lot in that area. He approached the group, shined a flashlight on them and noticed appellant drop a matchbox. Upon inspection of the contents of the matchbox, the officer found what appeared to be several pieces of crack cocaine. The officer told appellant that he was under arrest for possession of cocaine and attempted to handcuff appellant at which time appellant began to struggle with the

officer. The officer testified that during the struggle appellant pulled a knife from his pocket, and when the officer stepped away, unsnapped his holster, put his hand on his gun and ordered appellant to stop, appellant threw the knife a distance away. As the officer continued to struggle with appellant to put him against the hood of the patrol car, the officer placed the matchbox on the car hood. Appellant grabbed the matchbox and threw it away. When another officer arrived, handcuffs were placed on appellant and he was arrested. A later search of the surrounding area did not yield a knife or a matchbox.

Appellant testified that the officer pulled up on the group and told appellant he was under arrest for being drunk and for possession of cocaine. After appellant denied the charges, the officer began to handcuff appellant. Appellant stated that he told the officer to take it easy because he had recently had back surgery. Appellant denied at trial ever possessing drugs, a matchbox or a knife. He denied the officer's testimony that he pulled a knife on the officer. Three other witnesses were called at trial who corroborated appellant's testimony.

1. Appellant first enumerates that the jury's verdict is not supported by the evidence. " ' "(T)he credibility of a witness is a matter for the trier of fact, and this court will not disturb the jury's finding unless it is insupportable as a matter of law. (Cit.)" ' " *Sharp v. State*, 192 Ga. App. 353 (1) (385 SE2d 23) (1989). We will not disturb the jury's finding in the instant case because we find the evidence adduced at trial sufficient for a rational trier of fact to find appellant guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant next contends that the court erred in its recharge to the jury on the different degrees of obstruction of an officer. The court originally charged the jury on both the misdemeanor and felony forms of obstruction of an officer. When the jury requested a recharge on that issue, the court repeated the statutory requirements of each and then gave examples of each to clarify their meanings and applications. " 'It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error.' [Cit.]" *Jackson v. State*, 193 Ga. App. 844 (2) (389 SE2d 521) (1989). Our review of the recharge convinces us that it was a thorough and accurate statement of the law and correctly reflected the charges in the indictment; therefore appellant's criticisms of the recharge are without merit.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 24, 1990.

*Larry B. Mims*, for appellant.
*James L. Wiggins, District Attorney, Timothy G. Vaughn, Assis-*

*tant District Attorney*, for appellee.

