### A92A0936. WALKER v. THE STATE.
(424 SE2d 364)

COOPER, Judge.

Appellant was convicted by a jury on two counts of armed robbery and one count of possession of a firearm during the commission of a crime. She challenges her convictions on several grounds.

1. Appellant's argument that the evidence was insufficient to support the jury verdict against her is without merit. Two convenience store employees testified that they were robbed at gunpoint by a lone perpetrator later identified as appellant's co-defendant. One of the employees stated that he saw a second person in the co-defendant's car but was not able to identify that person. The employees immediately called the police with a description of the robber's vehicle. Law enforcement officers testified that they stopped a car matching the description given by the victims, in which appellant was a passenger, approximately four minutes after the robbery occurred. Officers testified that when they first passed by the vehicle, and again when the vehicle was stopped and appellant was ordered to show her hands, appellant was bent down in the passenger seat, doing "something" with the floorboard of the car. The arresting officers immediately found money taken from the convenience store stuffed under the passenger seat and later found a loaded and cocked gun stuck behind the carpet on the front floorboard on the passenger side. Appellant admitted owning the gun and testified she had purchased it several months earlier. Appellant further admitted going to the convenience store with the co-defendant, with whom she had been living for approximately seven months, but stated that she did not know he intended to rob it. There was also evidence suggesting that appellant was present when the co-defendant committed another armed robbery three days before the convenience store robbery at issue here, though the jury found her not guilty of intentionally assisting or participating in that crime as charged in the indictment. Viewing the evidence presented in the light most favorable to the verdict, it was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that appellant intentionally aided and abetted the co-defend-

ant in the commission of two counts of armed robbery and one count of possession of a firearm during commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The two counts of armed robbery on which appellant was indicted and convicted both arose out of the robbery of a single convenience store in which property was taken at gunpoint from two different employees. Appellant argues that, because the two counts were based on the same "transaction," her motion for directed verdict on the latter armed robbery count should have been granted to avoid multiple convictions for a single offense. However, "[r]obbery is a crime against possession, and is not affected by concepts of ownership. . . . [O]ne may only rob a person, and not a corporate entity. . . . [Cit.]" *Creecy v. State*, 235 Ga. 542, 544 (5) (221 SE2d 17) (1975). When property was taken at gunpoint from two different employees, two separate offenses of armed robbery were committed, regardless of whether all the property taken was owned by the store. See *Lawrence v. State*, 198 Ga. App. 287 (3) (401 SE2d 275) (1991); *Carter v. State*, 156 Ga. App. 633 (3) (275 SE2d 716) (1980). Accordingly, the trial court's denial of appellant's motion for directed verdict on the latter armed robbery count did not result in multiple convictions for a single offense and was not erroneous.

3. Appellant next contends that the trial court erred in failing to excuse for cause a juror who previously worked at the convenience store that was robbed. This court has held that " 'a person is not competent to serve as a juror in a cause when there exists any business relation between himself and one of the parties which may tend to influence the verdict.' [Cit.]" *Daniel v. Bi-Lo*, 178 Ga. App. 849, 850 (1) (344 SE2d 707) (1986). "[T]he reason for the rule is to eliminate those jurors whose impartiality may be called into question by the existence of a business relationship whereby the juror could be motivated by financial concerns . . . ," id. at 851, and to avoid forcing jurors "into the position of choosing between adherence to an oath of impartiality and the pecuniary interests of a party with whom the juror has a business relation," *Crumpton v. Kelly*, 185 Ga. App. 245, 246 (1) (363 SE2d 799) (1987). In this case, however, the challenged juror was not employed by the convenience store at the time of trial. Because the juror's livelihood no longer depended on either the favor or the economic well-being of the convenience store, the inference of bias that arises in the case of current employees did not arise here. In the absence of evidence of an interest in the outcome of the case, therefore, the trial court did not abuse its discretion in refusing to excuse for cause the convenience store's former employee. See *Page v. Janko*, 200 Ga. App. 547 (1) (409 SE2d 48) (1991).

4. Lastly, appellant argues that the trial court erroneously placed appellant's character in issue by failing to swear witnesses separately

for appellant and the co-defendant with whom appellant was jointly tried. Because the oaths contained a listing of all the charges against the co-defendants without distinguishing which charges were against which co-defendant and appellant's co-defendant was charged with several vehicular offenses with which appellant was not charged, appellant contends the charges against her co-defendant improperly reflected badly on her own character. After appellant's objection, however, the trial court explained to the jurors that it was not going to have the clerk administer two different oaths to each witness but that not all the charges listed applied to both defendants. It further explained to the jurors that the words of the oaths were "in no way an indication that anyone is guilty of anything." No evidence or argument was presented at trial tending to suggest that appellant was driving the vehicle. The court's charge to the jury emphasized that each defendant was to be considered separately and independently and included a reading of the charges in the indictment which clearly specified that only appellant's co-defendant was charged with the vehicular offenses. Moreover, the jurors were given a copy of the indictment, again showing that only appellant's co-defendant was charged with the vehicular offenses. Under these circumstances, the trial court did not err in refusing to swear witnesses separately with respect to the two co-defendants.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 30, 1992.

*Barkley & Garner, Richard E. Barnes*, for appellant.
*Stephen F. Lanier, District Attorney, Fred R. Simpson, Assistant District Attorney*, for appellee.