A94A1599. SMITH et al. v. THE STATE.
(448 SE2d 906)

BIRDSONG, Presiding Judge.

Roger E. Smith was convicted of kidnapping, possession of a firearm during the commission of a crime, and aggravated sodomy. David H. Mosley was convicted of rape, kidnapping, robbery, and possession of a firearm during the commission of a crime. A third defendant, Charles R. Hardison, died before trial. The State's evidence showed the victim was kidnapped from the parking lot of a bar in Glynn County by Hardison, who used the threat of a 9 mm gun. Hardison drove the victim's car from Jesup to Brunswick. He turned into a wooded area in Wayne County and stopped. Smith and Mosley, in a truck, followed Hardison and the victim; they stopped behind the victim's car and got out of the truck. Hardison pulled the victim from the car, raped her, and then took her to the truck and tried to rape her again but stopped because the victim was crying too hard for him to do anything with her. Mosley raped the victim, then Smith forcibly sodomized her in the truck. While Smith sodomized the victim, Mosley and Hardison took about $170 from her purse. Hardison then got in the driver's seat of the truck with the victim and Smith. Mosley followed in the victim's car. A state trooper, seeing suspicious behavior, stopped the truck, and the victim cried out for help. The trooper

subdued Hardison, but Smith ran. Later he turned himself in and showed officers the scene of the crimes in Wayne County.

Mosley admitted the three men had been drinking and were "horny." He admitted that he and Smith followed Hardison and the victim into the wooded area in Wayne County, and that Hardison threw the victim on the hood of her car and raped her. Mosley also admitted kissing the victim and fondling her breasts and genitals, and that she was crying so hard he could not achieve an erection. Mosley admitted knowing it was wrong to do what he was doing.

Smith admitted that the three men had gone drinking and had left a nightclub to pick up some women; Smith saw the victim sitting in her car. Moments later Hardison drove by in the victim's car. The victim was in the car with her head down; Smith and Mosley followed the car to Wayne County. Smith admitted that Hardison pulled the victim from the car and raped her and that Hardison then took the victim to the truck and continued having sexual intercourse with her; Smith admitted getting in the truck and trying to calm the victim; he admitted fondling her breasts and genitals and turning her on her knees, and he admitted that his penis was probably pressing against her rectum. He testified he ran from the trooper because he knew he had done wrong.

Appellants enumerate 18 errors below. *Held*:

1. Appellants contend in enumerations 3 and 7 that certain statutes are unconstitutional. This appeal was filed in the Supreme Court and that court transferred the appeal to this court. We are without jurisdiction to consider the constitutionality of statutes. Ga. Const. 1983, Art. VI, Sec. VI, Par. II.

2. In enumerations 1 and 2, appellants contend the kidnapping charges should not have been tried in Wayne County, as the venue of kidnapping charges is the county where the victim was seized (*Harris v. State*, 165 Ga. App. 249 (299 SE2d 924)); and they contend the improper joinder of the kidnapping charges caused prejudicial error. We find no error. The kidnapping of which appellants were tried and found guilty in this case was the second kidnapping which occurred in Wayne County, where the victim was abducted from her car and held against her will by appellants Smith and Mosley. See *Harris* at 250. This charge was not improperly joined with the charges of rape, robbery and aggravated sodomy. The charges were part of a continuing criminal enterprise and were properly joined. See OCGA § 16-1-7 (b).

3. In enumerations 4 and 5, appellants contend the trial court erred in excluding the victim's former husband's testimony as to the victim's rape accusation. This was not error under *Smith v. State*, 259 Ga. 135 (377 SE2d 158). Evidence that the victim was engaged in domestic relations litigation at the time of these crimes is irrelevant; moreover, appellants fail to cite any legal authority for their conten-

tions on this point. Court of Appeals Rule 15 (c) (2).

4. In enumerations 6 and 8, appellants contend that to the extent that OCGA § 16-11-106 permits a conviction for possession of a firearm during commission of a crime, it is not constitutionally applied in this case because the only gun found was the .22 rifle hanging in the rear window of appellants' truck and no 9 mm handgun was ever found; and they contend this evidence is insufficient to sustain these convictions. Appellants have abandoned enumeration 6 for failure to cite legal authority therefor. Court of Appeals Rule 15 (c) (2). We note that regardless whether the gun used by Hardison to abduct the victim in Glynn County was ever found, the convictions against appellants Smith and Mosley under OCGA § 16-11-106 for possession of a firearm during the commission of the crimes in Wayne County are supported by the presence of the .22 rifle in the truck's rear window, "within arm's reach" of where appellants violated the victim and held her against her will. OCGA § 16-11-106 (b). Appellants cite no authority for their contention that a conviction under § 16-11-106 cannot be sustained unless the State proves that the firearm "within arm's reach" (id., (b)) was capable of being fired. The statute makes no such requirement. The evidence is sufficient to support this conviction under the standards of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

5. As a matter of fact, the trial court did not improperly comment on the evidence, as alleged in enumeration 9, by stating that appellants contended they did not have intercourse with the victim but that they also contended that any intercourse they had with her was consensual.

6. Enumeration 10, that the trial court erred in refusing to charge the jury on misapprehension of fact as to the victim's consent, is abandoned (Court of Appeals Rule 15 (c) (2)) and is, moreover, without merit.

7. In enumeration 11, appellants contend the trial court erred in refusing to give their requests to charge numbers 1 and 3 on "consent." Appellants do not explain what these charges were and why they should have been given, nor do they make any argument and citation of law. Accordingly, this enumeration is abandoned. Court of Appeals Rule 15 (c) (2).

8. Appellants contend the trial court erred in denying their motion for mistrial when the State commented on the marital privilege, by asking Mosley if he married his girl friend so that she could not testify against him. This enumeration is without merit. The trial court sustained appellants' objection to this question and gave adequate curative instructions to the jury. See generally *Gamble v. State*, 194 Ga. App. 765, 768 (391 SE2d 801). Appellants abandoned the issue of entitlement to mistrial by failing to give argument and citation

of authority. Court of Appeals Rule 15 (c) (2).

9. In enumeration 13, appellants contend the trial court erred in allowing the State to introduce evidence of statements made by defendants to police, which were not recorded or signed by appellants, and the notes as to which were destroyed. This enumeration is abandoned. Court of Appeals Rule 15 (c) (2). We note that weight and credibility of the evidence given as to statements made by defendants is for the jury; the manner of taking and preserving such statement goes to its weight of the evidence, not its admissibility.

10. Appellants contend in enumeration 14 that the verdicts for rape and sodomy were inconsistent with the jury's specific finding that no bodily injury had occurred. This enumeration is abandoned. Court of Appeals Rule 15 (c) (2). Such verdicts and findings are not inconsistent in fact.

11. Appellants contend the State was guilty of prosecutorial misconduct. This enumeration is abandoned for failure to give any argument or cite any legal authority concerning prosecutorial misconduct. Court of Appeals Rule 15 (c) (2).

12. Appellants contend the State's failure to deliver *Brady* material until the day of trial rendered the trial fundamentally unfair. This enumeration is abandoned for failure to give argument and cite legal authority. Court of Appeals Rule 15 (c) (2). We note that *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) does not create a constitutional right to discovery in a criminal case; it applies only to the discovery after trial of information which had been known to the prosecution but unknown to the defense. Consequently when the material is disclosed to the defense during trial, there is no *Brady* violation. *Fuqua v. State*, 183 Ga. App. 414, 417 (359 SE2d 165). The complained of material was provided to appellants the day of trial, and no material prejudice is shown. *Burgan v. State*, 258 Ga. 512 (1) (371 SE2d 854).

13. Appellants' contention that they received ineffective assistance of trial counsel is without merit. To prevail on such a claim, they must show not only that trial counsel was deficient, but that this deficiency prejudiced them in their defense. *Smith v. Francis*, 253 Ga. 782 (325 SE2d 362). Mere choice of one trial tactic rather than another does not amount to ineffective assistance of counsel. Id.; see *Williams v. State*, 258 Ga. 281, 286-289 (368 SE2d 742). No deficiency and harm are shown. Evidence that there was no sign of "trauma" to the victim's genital area the morning after she was raped probably would not affect the verdict as to appellants' sexual crimes, since both admitted the victim had been raped by Hardison, and both admitted they committed criminal sexual acts against the victim. See *Hamilton v. State*, 239 Ga. 72, 77 (235 SE2d 515). The enumeration is otherwise abandoned under Court of Appeals Rule 15 (c) (2).

14. The court did not err in charging on conspiracy. There was ample evidence of conspiracy to support the charge. See *Weatherington v. State*, 139 Ga. App. 795 (229 SE2d 676).

15. The burden is on the party alleging error to show it affirmatively by the record, and when the burden is not met, the judgment complained of is assumed to be correct and must be affirmed. *Griner v. State*, 192 Ga. App. 283 (384 SE2d 398). Court of Appeals Rule 15 (c) (2) provides that an unsupported claim of error is treated as abandoned, and any enumerated error which is not supported in the brief by citation of authority or argument shall be deemed to have been abandoned. Despite appellate counsel's abandoning of many of their enumerated errors in this criminal case, however, we have in fundamental fairness to these defendants elected to look at the essential merit of each error alleged, and we find no error.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED AUGUST 26, 1994 —
RECONSIDERATION DENIED SEPTEMBER 13, 1994 —

*John R. Calhoun, Gregory N. Crawford,* for appellants.
*Glenn W. Thomas, Jr., District Attorney,* for appellee.