## A96A0078. DENNIS v. THE STATE.
(469 SE2d 494)

Judge Harold R. Banke.

Aaron Dennis was convicted of two counts of misdemeanor obstruction of an officer, two counts of felony obstruction of an officer, interference with government property, and simple battery. He enumerates four errors.

The State's evidence revealed that these charges arose after Dennis's wife informed police that Dennis had physically abused her. She reported the incident in person because as she was telephoning, Dennis jerked the cord from the wall. Two police officers followed her home to investigate and attempted to talk with Dennis, who is hearing impaired. After Dennis cursed them, ordered them to leave, and pulled out a machete, the officers called for assistance. During the subsequent attempt to arrest Dennis, he kicked, butted, and hit them. As the officers transported Dennis to the police station, he broke a window on the patrol car and escaped. During the ensuing pursuit, he hit an officer in the nose and threatened the others. *Held*:

1. The trial court properly denied Dennis's motion for directed verdict because the evidence was sufficient to show that one of the arresting officers, who had just completed his basic training course at the police academy and was a sworn reserve officer with arrest powers, was a "law enforcement officer" within the meaning of OCGA § 16-10-24. Proof that the law enforcement officer was certified is not an essential element of OCGA § 16-10-24.

2. The evidence that the officers were in lawful discharge of their duties, when viewed in the light most favorable to the verdict, was sufficient. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). Warrantless arrests are lawful "if the officer has probable cause to believe that an act of family violence, as defined in Code Section 19-13-1, has been committed." OCGA § 17-4-20 (a). The OCGA § 19-13-1 definition of family violence includes simple battery, and the record shows that before the officers confronted Dennis, they had probable cause to believe he had committed battery on his wife. See OCGA § 16-5-23 (a). Because the officers were acting in the lawful discharge of their duties during this incident, Dennis's resistance constituted obstruction. *Wagner v. State*, 206 Ga. App. 180, 182 (424 SE2d 861) (1992); compare *Brooks v. State*, 206 Ga. App. 485, 488-489 (425 SE2d 911) (1992). The State's evidence refutes Dennis's arguments that his resistance was justified to prevent further mistreatment by the officers and that his actions were unintentional. See *O'Neal v. State*, 211 Ga. App. 741, 743 (440 SE2d 513) (1994). In determining evidence sufficiency, this Court does not weigh the evidence or determine witness credibility. *Pardo v. State*, 215 Ga. App. 317 (1) (450 SE2d 440) (1994).

3. We reject Dennis's argument that a modified *Allen* charge given at the close of the first day of jury deliberations was coercive.[1] See *Romine v. State*, 256 Ga. 521, 526-527 (1) (350 SE2d 446) (1986) (discussing the parameters of the jury charge authorized under *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896)). The charge essentially instructed the jury that failing to agree would cause a mistrial resulting in another trial by another jury. This is not unduly coercive. *Hardy v. State*, 242 Ga. 702, 706 (4) (f) (251 SE2d 289) (1978); see *McMillan v. State*, 253 Ga. 520, 523 (4) (322 SE2d 278) (1984).

4. The trial court's jury charge on misdemeanor obstruction did not misinform the jury. The court charged that the definition of misdemeanor obstruction was identical to felony obstruction except that "misdemeanor obstruction is not offering to do violence, but simply resisting arrest." Although the better practice would have been to fully charge on both misdemeanor and felony obstruction, the charge given, considered as a whole, communicated all the elements of misdemeanor obstruction in a manner not likely to mislead the jury. *Brown v. State*, 197 Ga. App. 365, 366 (2) (398 SE2d 424) (1990); see *Parks v. State*, 234 Ga. 579, 582 (2) (216 SE2d 804) (1975) (charging in the exact language of the Code is not required).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED MARCH 1, 1996.

*James P. Brown, Jr.*, for appellant.

*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.

---

[1] The statement at issue is as follows: "If you do not arrive at a verdict in this case, that cannot be helped, but another jury might have to be impaneled to decipher and to try the same issues which you, ladies and gentlemen, are charged with resolving."