A96A1467. DENNY v. THE STATE.
(475 SE2d 698)

JOHNSON, Judge.

David William Denny was indicted on three counts of felony

obstruction of a law enforcement officer. A jury found him guilty of three counts of misdemeanor obstruction of a law enforcement officer, and he appeals from the judgment entered on the jury's verdict. On appeal, the presumption of innocence no longer prevails, we view the evidence in the light most favorable to the verdict, and we do not speculate as to which evidence the jury chose to believe or disbelieve. *Gurlaskie v. State*, 196 Ga. App. 794 (1) (397 SE2d 66) (1990). Viewed in that light, the evidence presented at trial established that three deputies from the Whitfield County Sheriff's Office went to Denny's home to arrest him pursuant to a contempt of court order for failure to pay child support. Although Denny's social security number, date of birth, and address were correct on the order, Denny pointed out to the officers that the order was technically deficient because it denominated the party sought as David William Denny, not David William Denny II and because the child's name was incorrect. Despite Denny's concerns about the form of the order, the officers informed him that they intended to take him into custody. As the officers attempted to handcuff him, Denny began shoving, elbowing, and kicking the officers. Denny broke free and ran into the backyard where the officers ultimately subdued him.

1. Denny argues that because he was convicted of misdemeanor obstruction of an officer rather than felony obstruction, the three counts, which arose out of the same transaction, should have merged for sentencing purposes. The crime of felony obstruction of a law enforcement officer requires "offering or doing violence to the person of" a law enforcement officer. OCGA § 16-10-24 (b). Citing *Walker v. State*, 206 Ga. App. 81 (424 SE2d 364) (1992), Denny acknowledges that injuring more than one officer would have justified sentencing on multiple counts of the same offense. But he maintains that misdemeanor obstruction, which is defined as "knowingly and willfully obstruct[ing] or hinder[ing] any law enforcement officer in the lawful discharge of his official duties" (OCGA § 16-10-24 (a)), should be sentenced as only one offense regardless of how many officers are involved because his arrest constituted a single transaction. Denny relies on *Phillips v. State*, 162 Ga. App. 199 (290 SE2d 142) (1982), in which the Court held that the theft of several items constituted a single larceny offense. However, the Court also noted in *Phillips* that "crimes against property differ from crimes against persons, for one who, by a single act, injures more than one person may be charged with multiple offenses." Id. at 200 (2). Here, even though the jury did not find Denny guilty of felony obstruction which has the essential element of offering or doing violence to the officers, it did find that he wilfully obstructed or hindered three officers' attempts to take him into custody by shoving each of the officers, pushing all three off of him, and physically resisting their efforts to handcuff him, knocking

Officer Shiver's glasses off, and shoving Officer Chastain against the wall. While some of Denny's actions were collective, such as fleeing, and would constitute a single offense, Denny's actions against each individual law enforcement officer constituted separate crimes and do not merge in fact or law. See OCGA §§ 16-1-6 (1) and 16-1-7; *State v. Smith*, 193 Ga. App. 831, 832 (1) (389 SE2d 547) (1989). Because there were three separate victims, the trial court did not err in treating the counts as discrete offenses for sentencing. See *Dennis v. State*, 220 Ga. App. 420 (469 SE2d 494) (1996); *Duitsman v. State*, 212 Ga. App. 348 (441 SE2d 888) (1994).

2. Denny's assertion that the trial court erred in failing to give his requested charge on justification is without merit. " 'It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error. (Cits.)' [Cit.]" *Jackson v. State*, 193 Ga. App. 844, 845 (2) (389 SE2d 521) (1989). The trial court instructed the jury that a person has a right to resist an illegal or unlawful arrest with such force as is reasonably necessary to prevent the arrest. Comparing this language to the charge on justification requested by Denny, we conclude that the charge as a whole, as given, was not deficient. Likewise, the trial court's charge on the presumption of validity of a court order was a correct statement of the law and did not impermissibly shift the burden of proof to Denny.

*Judgment affirmed. Beasley, C. J., McMurray, P. J., Birdsong, P. J., Pope, P. J., Andrews and Smith, JJ., concur. Blackburn and Ruffin, JJ., dissent.*

RUFFIN, Judge, dissenting.

The majority concludes in Division 1 that because Denny's actions involved three officers, there were "three separate victims" and the evidence was sufficient to convict Denny of three separate counts of misdemeanor obstruction of an officer. Because I believe that the *number of officers* is not determinative of the *number of offenses* committed, I respectfully dissent.

It is clear that OCGA §§ 16-1-6 and 16-1-7, relied on by the majority, do not always permit the State to charge a defendant with multiple counts of an offense merely because the facts show he committed a single act affecting more than one person. One example cited by the majority is the theft of several items which constitutes only a single larceny offense. See *Phillips v. State*, 162 Ga. App. 199, 200 (2) (290 SE2d 142) (1982). Similarly, in *Beecher v. State*, 164 Ga. App. 54, 56 (2) (296 SE2d 374) (1982), we reversed multiple convictions for perjury because the numerous acts of perjury were committed under a single oath. And, in *Harris v. State*, 165 Ga. App. 249, 252 (5) (299 SE2d 924) (1983), we held that a defendant could be con-

victed of only one count of impersonating a police officer "even though he so represented himself to two persons . . . who were together." Although OCGA §§ 16-1-6 and 16-1-7 provide a general rule regarding multiple convictions for certain acts, there are exceptions to that rule, and we must look to the legislative intent of the particular criminal statute to determine whether multiple convictions can result. See OCGA § 1-3-1.

Under OCGA § 16-10-24 (a), a person commits misdemeanor obstruction of a law enforcement officer when he or she "knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties. . . ." The legislature intended that OCGA § 16-10-24 (a) proscribe conduct which obstructs or hinders law enforcement officers from carrying out their duties; this section does not proscribe assaults on officers, which was denounced under a prior version of the statute. *Hudson v. State*, 135 Ga. App. 739, 741 (2) (218 SE2d 905) (1975). Neither does OCGA § 16-10-24 (a) proscribe obstructing an officer by "offering or doing violence to the person of such officer[,]" which is specifically addressed in OCGA § 16-10-24 (b), defining felony obstruction. In this case the jury was charged on both misdemeanor and felony obstruction. By convicting Denny of only the misdemeanor, the jury must have found that he did not do violence to the person of any officer. Accordingly, the jury did not find, as the majority asserts, that Denny shoved, pushed, and otherwise physically resisted each of the three officers. Rather, the jury's verdict shows that it was Denny's act of obstructing the serving of the warrant that must be punished under OCGA § 16-10-24 (a). Such punishment should be imposed without regard to the number of officers who accompanied the officer who attempted to serve the warrant.

While it is unfortunate that the legislature has failed to provide greater guidance in the statutory language, this failure should not work to the detriment of an accused. "It has always been the law that criminal statutes must be strictly construed against the state. [Cit.]" *Mitchell v. State*, 239 Ga. 3 (235 SE2d 509) (1977). "Any criminal law should be plain and unambiguous and not dependent upon the current conflicting views of appellate judges. [Cit.]" Id. Because OCGA § 16-10-24 (a) is unclear as to whether multiple convictions can result under the facts in this case, we must construe it against the State and conclude that Denny's conduct can result in only one conviction.

The United States Supreme Court reached the same conclusion in interpreting a federal statute with language similar to OCGA § 16-10-24. In *Ladner v. United States*, 358 U. S. 169 (79 SC 209, 3 LE2d 199) (1958), the Court held that the defendant could be convicted of only one count of assaulting a federal officer even though two federal officers were victims. Id. at 178. The convictions in *Ladner* were

based on a violation of 18 USC § 254 (1940 ed.), which defined the offense where an individual was found to " 'forcibly resist, oppose, impede, intimidate, or interfere with any person . . . (if he is a federal officer designated in § 253) while engaged in the performance of his official duties, or shall assault him on account of the performance of his official duties. . . .' " Id. at 170, n. 1.

The Court properly found that the question was one of legislative intent. In light of the scant legislative history from which to determine Congress's intent, the Court concluded that, based on the statutory language alone, only one conviction could result from the defendant's actions. Id. at 178. In addressing the ambiguous nature of the statutory language with regard to the number of convictions that can result from a single confrontation, the Court observed: " '(W)hen choice has to be made between two readings of what conduct Congress has made a crime, it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite. We should not derive criminal outlawry from some ambiguous implication.' [Cit.]" Id. at 177-178.

Construed in this light, the Court found the language showed that the "aim was to prevent hindrance to the execution of official duty, and thus to assure the carrying out of federal purposes and interests. . . ." Id. at 176. This aim, the Court found, would "be served by considering the act of hindrance as the unit of prosecution without regard to the number of federal officers affected by the act. For example, the locking of the door of a building to prevent entry of officers intending to arrest a person within would be an act of hindrance denounced by the statute. We cannot find clearly from the statute . . . that the Congress intended that the person locking the door might commit as many crimes as there are officers denied entry." Id.

The Court further reasoned that such result, equating the number of offenses with the number of officers, would produce incongruous results. "Punishments totally disproportionate to the act of assault could be imposed because it will often be the case that the number of officers affected will have little bearing upon the seriousness of the criminal act." Id. at 177.

Equally incongruous results are possible, and likely, under the majority's construction of OCGA § 16-10-24 (a). If 15 officers attempted to serve Denny's contempt order, would he now be convicted of 15 counts of obstruction of an officer? The potential for abuse is limitless, and I do not believe that the legislature intended such result. Again, it is the *conduct* which is proscribed, irrespective of the number of officers involved. Such multiple charging in reality amounts to governmental overcharging, and borders on governmental vindictiveness. History reveals that the evil of government con-

sists of excesses and abuses of power. The current abuse is no exception to excessiveness. Let us not be patient with it. Let us not be tender toward it. And let us not be forgiving of it.

I disagree with the majority's interpretation of OCGA § 16-10-24 (a) and believe that two of Denny's convictions for misdemeanor obstruction of a law enforcement officer should be reversed. Furthermore, because this case involved only misdemeanor obstruction, I do not feel it necessary to address the issue of whether a defendant can be convicted of multiple counts of felony obstruction under OCGA § 16-10-24 (b). I concur with the Court's opinion in all other respects.

I am authorized to state that Judge Blackburn joins in this dissent.

DECIDED SEPTEMBER 5, 1996 — 

*Bates, Kelehear, Starr & Toland, Harlan M. Starr*, for appellant.
*Kermit N. McManus, District Attorney, Stephanie M. Wright, Assistant District Attorney*, for appellee.