## A09A1950. HARP v. THE STATE.
(690 SE2d 424)

BERNES, Judge.

A Taylor County jury found Davoris Harp guilty of two counts of armed robbery and two counts of possession of a firearm during the commission of a crime. On appeal, Harp contends that the evidence was only sufficient to convict him on one count of armed robbery and one count of possession of a firearm during the commission of a crime. We disagree.

Viewed in the light most favorable to the jury's verdict, the evidence showed that Harp and another male approached P. H. and his girlfriend, D. M., outside their home. Harp pointed the gun at P. H.'s face and demanded money. When P. H. responded that he had no money, Harp turned the gun on D. M. She also denied having any money. Eventually, P. H. took his "papers" out of his shirt pocket, handed them to D. M., and asked her to "show them I don't have no money." D. M. rummaged through the papers and found a $20 bill, which Harp directed she give to Harp's companion.

"A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the

---

[14] *United States v. Burgos*, 539 F3d 641, 644 (II) (A), n. 2 (7th Cir. 2008).

person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." OCGA § 16-8-41 (a). "Robbery is a crime against possession, and is not affected by concepts of ownership." (Citation and punctuation omitted.) *Carter v. State*, 156 Ga. App. 633 (3) (275 SE2d 716) (1980). Thus, if property owned by two different persons is taken from a single victim in a single transaction, there is only one robbery. *Creecy v. State*, 235 Ga. 542, 544 (5) (221 SE2d 17) (1975). On the other hand, if property is taken from the immediate presence or the actual or constructive possession of more than one victim, "the defendant may be charged with the robbery of each victim." *Green v. State*, 265 Ga. App. 126, 128-129 (2) (592 SE2d 901) (2004). See also *Kelly v. State*, 234 Ga. App. 893, 894-895 (2) (508 SE2d 228) (1998); *Walker v. State*, 206 Ga. App. 81, 82 (2) (424 SE2d 364) (1992); *Lawrence v. State*, 198 Ga. App. 287, 290 (3) (401 SE2d 275) (1991).

Here, the evidence showed that there were two victims who were robbed by Harp. D. M. was in actual possession of the $20 bill and was forced to surrender the money at gunpoint, and so she was a victim of armed robbery. See, e.g., *Cecil v. State*, 263 Ga. App. 48, 50 (2) (587 SE2d 197) (2003). Additionally, P. H. was a victim of armed robbery because the $20 bill was taken from his immediate presence at gunpoint. See *Welch v. State*, 235 Ga. 243, 245 (1) (219 SE2d 151) (1975) (in the context of armed robbery, "immediate presence" is construed broadly); *Clements v. State*, 84 Ga. 660, 664 (11 SE 505) (1890) ("It is not necessary in a case of robbery to prove that the property was actually taken from the person of the owner, but it is sufficient if it is taken in his presence"). Clearly, both D. M. and P. H. "were subject to [Harp's] exercise of actual force by the use of an offensive weapon so as to induce the relinquishment of the property of another, i.e., [the $20 bill]." *Kelly v. State*, 234 Ga. App. 893, 894 (2) (508 SE2d 228) (1998). Hence, any rational trier of fact could have found Harp guilty beyond a reasonable doubt of two counts of armed robbery and two counts of possession of a firearm during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JANUARY 12, 2010.

*William J. Mason*, for appellant.
*Julia F. Slater, District Attorney, Jennifer E. Dunlap, Assistant District Attorney*, for appellee.