## A94A0697. WHEELER v. THE STATE.
(443 SE2d 691)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of theft by receiving stolen property, possession of a firearm by a convicted felon, carrying a concealed weapon and carrying a pistol without a license. This appeal followed the denial of defendant's motion for new trial. *Held:*

In his sole enumeration, defendant contends the trial court erred in failing to make a clear determination at the hearing conducted pursuant to *Jackson v. Denno,* 378 U. S. 368 (84 SC 1774, 12 LE2d 908), that admissions he made while in police custody were freely and voluntarily made.

At a hearing conducted pursuant to *Jackson v. Denno,* supra, Detective Sergeant Flanders Williamson of the Dublin Police Department affirmed that he interviewed defendant with "regard to some

charges concerning a burglary or theft by receiving, possession of a firearm by [a] convicted felon, possession of a pistol without a license and carrying a concealed weapon." Detective Williamson also affirmed that he advised defendant of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694), before questioning and that defendant indicated that he understood his rights via execution of a form entitled, "Statement of Miranda Rights" and "Waiver of Rights." This one-page form includes a statement of rights afforded under *Miranda v. Arizona*, supra, and the following testimonial: "I have read the above statement of my rights and I understand each of those rights, and having these rights in mind I waive them and willingly make a statement." Detective Williamson affirmed that defendant did not "ask for any further explanation of [his *Miranda v. Arizona*, supra,] rights[; that defendant seemed] to have the mental ability and education to understand what [the detective was] advising him of [and that he advised defendant] of the nature of the charges against him[.]" Detective Williamson testified that defendant had not been in jail "too long . . ." before questioning and affirmed that defendant was not "threatened in any fashion or intimidated in any fashion to cause him to waive his rights[; that defendant was not] promised anything, any hope of benefit or anything at all to induce him to waive his rights [and that, to] the best of [his] knowledge[, defendant's] waiver of those rights [was] voluntary and knowingly and freely given[.]" Detective Williamson testified that he talked with defendant "[j]ust a few minutes [before defendant waived his *Miranda v. Arizona*, supra, rights] and gave . . . a statement."

On cross-examination, Detective Williamson indicated that he did not know the specific nature of the charges against defendant at the time he questioned defendant. However, the trial court clarified this point via questions from the bench which revealed that the detective was aware that defendant was under investigation at the time of questioning for possession of certain (presumably stolen) items. Finally, defense counsel called Officer Tim Chatman who testified that he advised defendant of his rights under *Miranda v. Arizona*, supra, and that he "was talking with [defendant] about a specific burglary at that time."

After the close of evidence, the following transpired: "[DEFENSE COUNSEL:] Judge, we heard from two witnesses, one of which the State called, Detective Flanders Williamson and I think the Court can refer to its own memory as to what the testimony was, but I specifically recall that Detective Williamson was somewhat unclear as to why the Defendant had been brought in for investigation. Detective Williamson was not the arresting officer and therefore, Your Honor, I think there is some confusion as to what charges this Defendant was under at the time this alleged statement or alleged con-

fession was made. It's clear that at least later in the day that he was being investigated . . . for burglary. The statement which is the subject of this Jackson Denno hearing is one that allegedly occurred immediately after his arrest or at least immediately after his being brought into the police station. Your Honor, I would submit that we heard some rather vague testimony from Detective Williamson again as to what this Defendant was being investigated for at the time the statement was given. As we know that it is a very important element of whether a confession is voluntary as to whether the Defendant is made aware of what he's being arrested for or under investigation for.

"THE COURT: . . . It would seem to me that the evidence indicates that there was a receiving charge which the Detective who took the statement stated to the Defendant he was questioning him about. There is absolutely no question, no confusion about that and his statement made was with reference to that and the fact that some other office[r] suspected him of burglary wouldn't have anything to do with the statement.

"Jackson-Denno hearing terminates in favor of the State. The statement may be submitted to the Jury and is admitted into evidence."

"In *Jackson v. Denno*, [supra,] the United States Supreme Court held that a defendant is entitled to a fair hearing and a reliable determination on the issue of the voluntariness of statements made by him. In *Sims v. Georgia*, 385 U. S. 538, 544 (87 SC 639, 17 LE2d 593) (1967), the Court stated: 'Although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity.' See *Cofield v. State*, 247 Ga. 98 (4) (274 SE2d 530) (1981)." *Spivey v. State*, 253 Ga. 187, 205 (15b), 206 (319 SE2d 420). In the case sub judice, the trial court failed to make such a specific finding with regard to defendant's custodial statement. However, it is clear from the hearing transcript that the trial court's sole concentration was whether defendant's custodial statement was free and voluntary. Specifically, the trial court clarified facts relevant to defendant's contention that he was not advised of the charges against him via questioning Detective Williamson and the trial court considered defense counsel's argument and clearly and unmistakably ruled on the sole issue raised therein, i.e., that defendant's statement was not free and voluntary because he was not advised of the nature of the charges which prompted police investigation. Under these circumstances, it is unnecessary to remand the case to the trial court for another hearing conducted pursuant to *Jackson v. Denno*, supra. See *Spivey v. State*, 253 Ga. 187, 205 (15b), 206, supra. Compare *Jordan v. State*, 207 Ga. App. 710, 713 (3) (429 SE2d 97).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED APRIL 22, 1994.

*Joe H. Thalgott*, for appellant.

*Ralph M. Walke*, District Attorney, *Peter F. Larsen*, Assistant District Attorney, for appellee.