## A02A0454. HOPKINS v. THE STATE.
### (564 SE2d 805)

RUFFIN, Judge.

A jury found Henry Hopkins guilty of one count each of aggravated battery and open container and two counts each of second degree cruelty to children and driving under the influence of alcohol. Hopkins appeals, challenging the sufficiency of the evidence of aggravated battery, the court's charge to the jury, its denial of his general demurrer to the indictment, and his sentence. For reasons that follow, we affirm in part and reverse in part.

1. Viewed in a light most favorable to the jury's verdict,[1] the evidence at trial showed that the victim was 69-year-old Louise Franklin. Franklin was a friend of Hopkins' wife, Jackie. On the day of the incident, Jackie brought her two children to Franklin's home to play with Franklin's five-year-old grandchild and five-year-old great-grandchild. While the children played, Jackie and Franklin sat and talked.

---

[1] See *Williams v. State*, 248 Ga. App. 316 (546 SE2d 74) (2001).

Later that afternoon, Hopkins joined Jackie at Franklin's house. At some point, Hopkins and Jackie got into an argument, and Franklin told Hopkins to leave. After cursing at Franklin, Hopkins left, and Jackie and her two grandchildren departed shortly thereafter.

Hopkins, however, returned to Franklin's house. As Franklin and her grandchildren were standing behind a locked screen door, Hopkins approached them, yelling and cursing. Franklin told Hopkins to leave, but he ignored her, and when he reached the screen door, he ripped it open and grabbed Franklin by her wrists. As the grandchildren looked on pleading for him to "leave [their] granny alone," Hopkins pulled Franklin outside and knocked her to the ground. Hopkins left, and Franklin's grandchildren called 911. Police arrested Hopkins later that evening after stopping him in his van, finding an open alcoholic beverage in the van, and concluding that he was under the influence of alcohol.

There is little detailed evidence of the injuries Franklin sustained as a result of Hopkins' attack. Franklin testified as follows:

> My arm was broken. . . . [Hopkins] had pulled on this one so hard, it jerked it out of place, and they had to set it back, and these two here, as you can see, they [are] still messed up. . . . They were broken. . . . [At the hospital, the doctor] set my arm back. . . . They put what you call a pin right here [inside the arm]. . . . [My arms] will never be the same.

Franklin further stated that the pin remained in her arm at the time of trial and that, due to the injuries, she "couldn't work[,] . . . couldn't do anything."

Under Georgia law, a person commits aggravated battery by maliciously harming the victim in one of three ways: (1) "by depriving him or her of a member of his or her body, [(2)] by rendering a member of his or her body useless, or [(3)] by seriously disfiguring his or her body or a member thereof."[2] In this case, the indictment charged that Hopkins committed aggravated battery on Franklin in the third way: "by seriously disfiguring her body, by breaking her left arm, [and] pushing her from a porch and onto a vehicle." On appeal, Hopkins argues that there was insufficient evidence establishing that the battery seriously disfigured Franklin's body. We disagree.

The term "disfigurement" has been defined as "that which impairs or injures the appearance of a person."[3] The term "serious"

---

[2] OCGA § 16-5-24 (a).

[3] (Punctuation omitted.) *Williams*, supra at 318 (1), citing *Baker v. State*, 246 Ga. 317, 318 (2) (271 SE2d 360) (1980); see also *Keef v. State*, 220 Ga. App. 134, 137 (1) (a) (469 SE2d 318) (1996).

has been defined as "grave, or great."[4] A serious disfigurement under the aggravated battery statute "require[s] an injury more severe than the visible wounds used to illustrate the 'visible bodily harm' required to support a battery conviction."[5] However, "[t]he disfigurement need not be permanent, but may be only temporary."[6] Furthermore, "[b]ecause the circumstances of each aggravated battery vary, whether disfigurement is serious is best resolved by the factfinder on a case-by-case basis."[7]

In this case, we are presented on appeal with a cold, sterile record that reveals little of the injuries Franklin showed to the jurors from the witness stand as she testified about her arms. But the testimony accompanying Franklin's display, viewed favorably to the verdict, permitted an inference that, at least temporarily, there was something gravely wrong with the appearance of one of her arms. Franklin spoke of an arm that was not only broken, but also jerked out of place. Based on this testimony *and what they saw*, the jurors could have found that the arm was seriously disfigured before it was set back in place and the pin was inserted.[8] Accordingly, we conclude that the evidence, when viewed in the light most favorable to the verdict, was sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that Hopkins was guilty of aggravated battery.[9]

2. We agree with Hopkins, however, that he is entitled to a new trial because the court erred in charging the jury on aggravated battery. The record shows that at the beginning of its instructions, the court read the indictment, which specified that Hopkins was charged under Count 1 with aggravated battery by seriously disfiguring Franklin's body. After reading the indictment, the court instructed the jurors that they would have the indictment to review during deliberations and that they must decide "whether the defendant is guilty or innocent of the charges contained in the indictment." However, later in the instructions, while the court was explaining the law concerning the specific charges against Hopkins, it stated:

Now, in regard to count one of aggravated battery, I charge you as follows: [a] person commits the offense of aggravated

---

[4] (Punctuation omitted.) *Williams*, supra.

[5] Id. at 318-319 (1); see also OCGA § 16-5-23.1 (b) (defining "visible bodily harm" under the battery statute as "bodily harm capable of being perceived by a person other than the victim and may include, but is not limited to, substantially blackened eyes, substantially swollen lips or other facial or body parts, or substantial bruises to body parts").

[6] *Ganas v. State*, 245 Ga. App. 645, 646 (1) (a) (537 SE2d 758) (2000).

[7] *Williams*, supra at 318 (1).

[8] See *Ganas*, supra.

[9] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Ganas*, supra.

battery when he or she maliciously causes bodily harm to another by depriving him or her of a member of his or her body[,] by rendering a member of his or her body useless or by seriously disfiguring his or her body or a member thereof. . . . [Hopkins] is charged with the offense of aggravated battery, as I have just previously defined for you, and in that regard I charge you that the State is not required to prove that a member of the victim's body was rendered either completely useless or permanently useless. It is sufficient if there is at least a temporary diminished use of a member of the victim's body.

These instructions constitute reversible error. Due process requires that,

[i]n criminal cases, jury instructions must be tailored to fit the allegations in the indictment and the evidence admitted at trial. If a jury charge recites the entire definition of a crime and the indictment does not, there is a reasonable probability that the deviation violated the accused's due process rights by resulting in a conviction of a crime committed in a manner not charged in the indictment. Thus, this court has reversed convictions where the indictment specified that the offense was committed one way and the court charged the jury that it could be committed in two ways without giving a limiting instruction.[10]

In this case, the jury instructions were clearly not tailored to fit the allegations in the indictment. Although Hopkins was charged only with aggravated battery by seriously disfiguring Franklin's arm, the trial court instructed the jury that aggravated battery may also be committed by depriving a person of a member of her body or rendering a member of her body useless. Were this the extent of the court's error, we would conclude that it was cured by the earlier instructions limiting the charges to those alleged in the indictment.[11] This is because, on appeal, we consider the entire jury instructions, and any confusion caused by the additional definition would likely have been dispelled by the court's limiting instruction.[12]

But the instruction given was not so benign. In addition to charging the jury on the other methods of committing aggravated

---

[10] (Citations omitted.) *McClain v. State*, 220 Ga. App. 474, 475 (2) (469 SE2d 756) (1996).

[11] See id.; see also *Green v. State*, 240 Ga. App. 377, 379-380 (4) (523 SE2d 581) (1999); *Gilliam v. State*, 237 Ga. App. 476, 477-478 (1) (517 SE2d 348) (1999).

[12] See *Lumpkin v. State*, 249 Ga. 834, 836-837 (2) (295 SE2d 86) (1982); *McClain*, supra.

battery, the court specifically told the jury that the State could meet its burden of proving that Hopkins committed the offense with evidence of "a temporary diminished use of a member of the victim's body." Considering this instruction, and the evidence presented that Franklin lost the use of her arm, we do not believe that the court's limiting instruction was sufficient to cure the error. The jurors were never told that, contrary to the court's instruction, the State could not prove Hopkins committed the offense with proof that Franklin lost the use of her arm. Under the circumstances, "a reasonable probability exists that the jury convicted [Hopkins] of committing [aggravated battery] in a manner not charged in the indictment."[13] Because Hopkins' right to due process was violated, his conviction for aggravated battery must be reversed.[14]

3. Hopkins also asserts that the trial court erred in denying his general demurrer to the two counts of the indictment charging him with cruelty to children. The first of these two counts charged Hopkins with second degree cruelty to children in that he "did unlawfully commit a battery against Louise Franklin, having knowledge that [N. S., her grandchild], a child under the age of 18 was present and saw the act." The second count charged the same offense, but named Franklin's great-grandchild, C. R., as the victim. Hopkins argues that, because both counts are based on the same act of battery against Franklin, he could be charged with only one count of cruelty to children. We disagree.

Under Georgia law, a "person commits the offense of cruelty to children in the second degree when . . . [s]uch person, who is the primary aggressor, having knowledge that a child under the age of 18 is present and sees or hears the act, commits a forcible felony, battery, or family violence battery."[15] Contrary to Hopkins' characterization of the two grandchildren as "mere[ ] witnesses" to the battery, we consider children who witness a battery to be victims under the child cruelty statute.[16] And, if a defendant knows that more than one child is present and that each child witnesses the same battery, there is more than one victim, and the defendant may be charged with more than one count of second degree cruelty to children.[17]

---

[13] *Levin v. State*, 222 Ga. App. 123, 127 (6) (473 SE2d 582) (1996); see also *Dukes v. State*, 265 Ga. 422, 423 (457 SE2d 556) (1995).

[14] See id. at 424.

[15] OCGA § 16-5-70 (c) (2).

[16] See *Alexander v. State*, 274 Ga. 787, 790 (561 SE2d 64) (2002).

[17] See *Bartlett v. State*, 244 Ga. App. 49, 51 (537 SE2d 362) (2000) ("proof that [the defendant], knowing the two boys were present, committed a forcible felony by pointing a rifle at their father's head while threatening to kill their father is sufficient to authorize [the defendant's] two separate convictions for cruelty to children in the second degree"); see also *Hall v. State*, 261 Ga. 778, 782 (7) (b) (415 SE2d 158) (1991) (evidence that two children witnessed father murder their brother was sufficient to support convictions on two counts of

4. Hopkins similarly argues that because the two counts charging cruelty to children arose out of the same battery, the court should have merged them for sentencing purposes. Again, we disagree. As stated above, the evidence showed that Hopkins knew both children saw him batter Franklin, and he thus committed two separate crimes on two separate victims. Thus, notwithstanding the fact that each of these crimes was predicated on the children witnessing the same battery, they did not merge as a matter of fact or law.[18] "Because there were [two] separate victims, the trial court did not err in treating the counts as discrete offenses for sentencing."[19]

*Judgment affirmed in part and reversed in part. Pope, P. J., and Barnes, J., concur.*

DECIDED APRIL 30, 2002.

*Leo E. Benton, Jr.*, for appellant.
*Lydia J. Sartain, District Attorney*, for appellee.

---

first degree cruelty to children); *Sims v. State*, 234 Ga. App. 678, 679-681 (1) (a) (507 SE2d 845) (1998) (evidence that two daughters saw their father stab their mother was sufficient to support convictions on two counts of first degree cruelty to children); *Phillips v. State*, 162 Ga. App. 199, 200 (2) (290 SE2d 142) (1982) ("one who, by a single act, injures more than one person may be charged with multiple offenses").

[18] See *Denny v. State*, 222 Ga. App. 674, 675-676 (1) (475 SE2d 698) (1996).

[19] Id. at 676 (1); see also *Gilchrist v. State*, 270 Ga. 287, 288 (2) (508 SE2d 409) (1998) ("[b]ecause the two charges of possession of a knife during the commission of a crime underlay attacks on two separate victims, we find no error in the trial court's refusal to merge the convictions entered on those two charges"); *Sims*, supra at 678 (defendant given two separate sentences for convictions on two counts of cruelty to children that were based on the children observing the same assault); *Webb v. State*, 68 Ga. App. 466, 467-470 (2) (23 SE2d 578) (1942) (physical precedent only) (defendant sentenced separately on multiple convictions for manslaughter and assault based on same car accident).