A03A2182. THOMAS v. THE STATE.
(590 SE2d 778)

BLACKBURN, Presiding Judge.

Gerald Wayne Thomas was convicted by a jury of one count of aggravated child molestation and four counts of child molestation. Following the denial of his motion for new trial, Thomas appeals, arguing that: (1) the trial court erred in admitting his custodial statement without making a finding of voluntariness; (2) he was denied a trial by a fair and impartial jury; (3) his conviction was based on erroneous jury instructions; and (4) he was denied effective assistance of counsel. For the reasons set forth below, we affirm.

1. Thomas first maintains that the trial court erred in admitting his custodial statement because it failed to make a finding of voluntariness as required by *Jackson v. Denno*.[1]

> In *Jackson v. Denno*, supra, the United States Supreme Court held that a defendant is entitled to a fair hearing and a reliable determination on the issue of the voluntariness of statements made by him. In *Sims v. Georgia*,[2] the Court stated: "Although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity."

(Punctuation omitted.) *Wheeler v. State*.[3]

> When a *Jackson-Denno* hearing is held and the defendant is offered the opportunity to present evidence contradictory to the state's prima facie case of voluntariness, the trial court must rule the confession either in or out of evidence. But if the opportunity is offered and no evidence attacking the veracity of the confession is produced, it is properly admitted.

(Punctuation omitted.) *Apgar v. State*.[4]

The record reveals that the trial court conducted a *Jackson v. Denno* hearing and that the evidence presented at the hearing was uncontradicted. The State presented evidence that Thomas was interviewed by Georgia Bureau of Investigation (GBI) Agent John Durden, who advised Thomas of his *Miranda* rights, read the acknowledgment and waiver form to him, and gave him the form to read. Thomas signed the waiver form. Thomas, who was 32 years old at the time, had completed 11 years of school, could read and write, and told Durden that he understood his rights and was willing to talk with him. The evidence showed that Thomas freely and voluntarily signed the waiver form and not as a result of any threats, coercion, or promises. Thomas did not appear to be under the influence of drugs, alcohol, or any other substance at the time; he did appear to be of normal intelligence, and oriented as to time, subject matter, and conditions. He was aware that he was under arrest and was aware of the subject matter of the arrest.

---

[1] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).
[2] *Sims v. Georgia*, 385 U. S. 538, 544 (87 SC 639, 17 LE2d 593) (1967).
[3] *Wheeler v. State*, 213 Ga. App. 52, 54 (443 SE2d 691) (1994).
[4] *Apgar v. State*, 159 Ga. App. 752, 753 (3) (285 SE2d 89) (1981).

At the conclusion of the hearing, the trial court stated:

> Taking into account the totality of the circumstances, hearing what the demeanor of the defendant appeared to be at the time the taped statement was given, comparing it to the substance of the statement shown in State's Exhibit number 3, and bearing in mind the *Miranda* waiver; I find no evidence that would suggest to me that number one, that he did not understand the charges, number two, that he did not understand his rights. They were plainly spoken on more than one occasion by the GBI agent. *Number three, no evidence that he did not voluntarily, freely and intelligently under the circumstances waive his rights. The evidence preponderates in only one direction.* I've reviewed some authority, *Ivey v. State*, which is a Court of Appeals case at 147 Georgia Appeals 227. *Roberts v. State* at 237 Georgia, 514. I'm going to find that the statement should be heard by the jury and they will decide the issue of voluntariness. Of course, they can do that. They may decide otherwise and decide to reject it. This Court decides that it is admissible presently.

(Emphasis supplied.)

Thomas's contention that the trial court made no finding that his statement was voluntary is without merit. Despite the fact that the trial court stated that the jury would decide the issue of voluntariness, in the absence of a contention on the part of Thomas that his statement was not in fact voluntary, the trial court's offer to receive evidence on this matter, and its ruling that the statement was admissible when no such evidence was forthcoming, amounts "with unmistakable clarity" to a showing that he had concluded the confession was voluntary. *Schneider v. State.*[5]

2. Thomas argues in his second enumeration of error that he was denied a trial by a fair and impartial jury because certain jurors were on the panel of prospective jurors and were not struck for cause. Specifically, Thomas objects to the fact that "Ms. Morris, an employee of the District Attorney who had previously been involved in a child molestation case," and "Mr. Oxford, the sheriff's brother, who had prior knowledge about the case" were not struck for cause. It is true that these two jurors were not struck for cause. However, it is also true that Thomas did not challenge these jurors for cause. More importantly, neither of these jurors served on the jury that tried this case. It is their presence on, not their absence from, a jury of poten-

---

[5] *Schneider v. State*, 130 Ga. App. 3, 5 (3) (202 SE2d 238) (1973).

tially objectionable jurors which presents the possibility that a defendant may have been denied the right to a trial by a fair and impartial jury. Thomas's complaint has no merit. *Romine v. State*[6] (holding that defendant cannot "complain that this prospective juror was not stricken for cause" where "he did not challenge the juror for cause, and she did not serve on the jury that tried the case").

3. Thomas also contends that he was denied due process because the jury was given only general charges on child molestation and aggravated child molestation, and the trial court did not specify that the jury must find the conduct alleged in the indictment for each count in order to convict him on that count. Thus, he argues, the trial court constructively amended the indictment to allow a conviction upon proof of fewer than all of the material averments of the crime alleged. A review of the trial transcript shows Thomas's contention to be meritless.

"It is a fundamental rule that jury instructions must be considered as a whole in determining whether the charge contained error." (Punctuation omitted.) *Moore v. State*.[7] In beginning its charge, the trial court read to the jury each count for which Thomas was on trial. After instructing the jury on the presumption of innocence, the trial court stated, "No person shall be convicted of any crime unless and until each element of the crime is proven beyond a reasonable doubt. The burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt." The trial court also instructed the jury that "[t]he State has the burden of proving the allegations were committed in at least one way alleged in each count of each indictment." Finally, the trial court instructed the jury that they were limited to finding that Thomas committed "the offense of child molestation as alleged in the first indictment," adding, "[a]nd understand you have four counts and you must make this decision as to each count. . . . Do you understand that? You have to make a separate decision as to each count for that first indictment. You should consider each count of alleged child molestation separately." The trial court also instructed the jury that it was limited to finding that Thomas committed "the offense of aggravated child molestation as alleged in the other indictment."

Taken as a whole, the trial court's charge properly set forth the basis on which the jury was authorized to convict Thomas on each count of the indictment and did not constitute a constructive amendment of the indictment. Accordingly, there was no error.

---

[6] *Romine v. State*, 256 Ga. 521, 532 (9) (350 SE2d 446) (1986).
[7] *Moore v. State*, 246 Ga. App. 163, 168 (8) (a) (539 SE2d 851) (2000).

4. Thomas's claims of ineffective assistance of counsel, based as they are on the alleged errors in his second and third enumerations of error, are without merit.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED NOVEMBER 26, 2003.

*Wendell R. Adams,* for appellant.

*Ralph M. Walke, District Attorney, Peter F. Larsen, Assistant District Attorney,* for appellee.