A04A0975. JAMES v. THE STATE.
(602 SE2d 854)

SMITH, Chief Judge.

Amos James appeals from the denial of his motion for new trial after being convicted and sentenced on charges of rape and aggravated child molestation. He asserts error in the trial court's jury instruction on aggravated child molestation and in the trial court's refusal to merge the child molestation charge into the rape charge for sentencing purposes. Finding that his contentions are without merit, we affirm the judgment.

The record shows that James's two-year-old stepdaughter was diagnosed with genital warts on her vulva and in her vagina and a tear larger in diameter than a child's finger in her hymen. James volunteered to be interviewed by social workers and law enforcement personnel at the office of the Department of Family and Children Services (DFACS). During that interview, he repeatedly denied either molesting the victim or raping her. He also denied having venereal warts himself, but acknowledged that he did have herpes. He also

---

stated emphatically that no other man had access to his stepdaughter, confirming his wife's testimony that the child was left only with him or other relatives such as her aunts. James agreed to an examination by a physician, which revealed the presence of genital warts on his penis.

A DFACS caseworker testified that the victim was "very articulate for her age" and could identify different body parts, including her vagina, which she called her "privates." The caseworker testified that the victim told her spontaneously at one point that "Dada Amos hurt my privates. He get on me."

1. The indictment charged James in Count 2 with aggravated child molestation in that he touched the sexual organ of the minor victim with the intent to arouse and satisfy his own sexual desires, "said act causing physical injury to [the victim] in that said accused did transmit genital warts to" the victim. The trial court charged the jury that "a person commits the offense of aggravated child molestation when such person commits an offense of child molestation which physically injures the child or involves an act of sodomy." James contends this was error because the instruction omitted any reference to the transmission of genital warts, which was specifically charged in the indictment.

Citing *Hopkins v. State*, 255 Ga. App. 202 (564 SE2d 805) (2002), and *Talton v. State*, 254 Ga. App. 111 (561 SE2d 139) (2002), James correctly points out that "[a]verments in an indictment as to the specific manner in which a crime was committed are not mere surplusage. [Cits.]" *Talton*, supra at 112.

> Due process requires that, in criminal cases, jury instructions must be tailored to fit the allegations in the indictment and the evidence admitted at trial. If a jury charge recites the entire definition of a crime and the indictment does not, there is a reasonable probability that the deviation violated the accused's due process rights by resulting in a conviction of a crime committed in a manner not charged in the indictment. Thus, this court has reversed convictions where the indictment specified that the offense was committed one way and the court charged the jury that it could be committed in two ways without giving a limiting instruction.

(Citations and footnote omitted.) *Hopkins*, supra at 205. In *Talton*, the trial court failed to give an appropriate limiting instruction. Id. at 113. And in *Hopkins*, we noted that an *earlier* instruction limiting the charges to those alleged in the indictment would have dispelled any confusion caused by the overbroad charge in issue. We reversed in

*Hopkins* only because an additional error in the court's charge was not corrected by the limiting instruction. Id. at 205-206.

In *Thomas v. State*, 264 Ga. App. 389 (590 SE2d 778) (2003), we noted the "fundamental rule that jury instructions must be considered as a whole in determining whether the charge contained error." (Citation and punctuation omitted.) Id. at 392 (3). In *Thomas*, the trial court also gave an instruction on child molestation and aggravated child molestation which was general and did not include the specific averments in the indictment. But there, the trial court also instructed the jury that the State had the burden of proving every material allegation in the indictment and every essential element of the crime charged beyond a reasonable doubt, that the State's burden was to prove the allegations were committed in at least one way alleged in the indictment, and that the jury was limited to finding that Thomas committed child molestation and aggravated child molestation as alleged in the indictment. Id. We concluded in *Thomas* that "[t]aken as a whole, the trial court's charge properly set forth the basis on which the jury was authorized to convict Thomas on each count of the indictment." Id.

We have noted that

> a limiting instruction cannot always be inferred from disparate instructions discussing various principles of law, e.g., burdens of proof, reasonable doubt, and that portion of the charge which simply recounts the indictment. When reviewing the charge as a whole, the critical issue is whether the charge adequately presents the issues in a way not likely to confuse a jury of average intelligence.

(Citation and punctuation omitted.) *Talton*, supra at 113, n. 3.

In this case, at the beginning of the charge, the trial court read the indictment. The trial court charged the presumption of innocence and instructed the jury that the State must "prove every material allegation of the indictment and every essential element of the crimes charged beyond a reasonable doubt." At the conclusion of the charge, the judge specifically charged the jury that if it believed beyond a reasonable doubt that James committed aggravated child molestation "as alleged in the indictment," it would be authorized to find him guilty. Here, as in *Thomas*, supra at 392 (3), taking the charge as a whole, we conclude that a jury of average intelligence would not have been confused by the charge, and that "the trial court's charge properly set forth the basis on which the jury was authorized to convict" James on the count of aggravated child molestation.

2. James also argues that the trial court erred in refusing his request to merge the aggravated child molestation conviction into the

rape conviction for sentencing purposes. In support of this enumeration he cites OCGA § 16-1-7 and several cases: *Caldwell v. State*, 263 Ga. 560 (436 SE2d 488) (1993); *Rudisail v. State*, 265 Ga. App. 293 (593 SE2d 747) (2004); *Lay v. State*, 264 Ga. App. 483 (591 SE2d 427) (2003); and *Donaldson v. State*, 244 Ga. App. 89 (534 SE2d 839) (2000). In these cases, OCGA §§ 16-1-6 and 16-1-7 were applied to hold that although it was proper to prosecute the defendant for both crimes, he could be sentenced only for one.

But in those cases the charges all arose from one incident, and the evidence presented at trial in each case established only one incident of sexual assault. *Caldwell*, supra at 562 (2); *Rudisail*, supra at 295; *Lay*, supra at 485; *Donaldson*, supra at 91 (4).

Here, in contrast, James's argument simply ignores the victim's testimony that James sexually assaulted her twice, which was sufficient to support the conviction. This court has held that when the two offenses are separate legal offenses, they do not merge as a matter of law. And "because the victim reported at least two separate acts of sexual intercourse, . . . it cannot be said that the convictions were based on the same conduct. Consequently, the convictions did not merge as a matter of fact either." (Citations and footnotes omitted.) *McMillian v. State*, 263 Ga. App. 782, 786 (4) (589 SE2d 335) (2003).

James concedes in his brief that the victim did testify that he sexually assaulted her twice. He appears to argue, however, without citing any authority, that because the victim was young and her testimony was not corroborated by the examining physician, it must be ignored. It is well established that a victim's testimony need not be corroborated; if the jury believes it, it is sufficient to support a conviction. See, e.g., *Gibbs v. State*, 256 Ga. App. 559, 560 (568 SE2d 850) (2002).

Finally, James argues that the indictment charged him with molesting and raping the victim on the same day, August 19, 2002, and no evidence showed that the offenses took place at two different times on that date. But the date recited in the indictment is not a material element of the offense unless the indictment specifically provides to the contrary, so long as the offense occurred within the statute of limitation. *Jones v. State*, 259 Ga. App. 698, 702-703 (2) (577 SE2d 878) (2003). The trial court did not err in refusing to merge the two convictions for sentencing.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JULY 30, 2004.

*Nelson & Smith, Carlton K. Nelson III*, for appellant.

*Ralph M. Walke, District Attorney, Peter F. Larsen, Kelli Devaney-Jackson, Assistant District Attorneys*, for appellee.