[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11237
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-02135-TCB


LEROY BANKS,

Petitioner-Appellant,

versus

STATE OF GEORGIA,
GEORGIA STATE BOARD OF PARDONS
& PAROLES,
ATTORNEY GENERAL, STATE OF GEORGIA,

Respondents-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 19, 2013)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Petitioner-Appellant Leroy Banks appeals the denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. This Court granted a Certificate of Appealability ("COA") on a single issue:

> Whether trial counsel was ineffective for failing to request jury instructions that specified the method, pursuant to the indictment, in which the offense of aggravated assault was committed.

After review, we affirm.

## I. BACKGROUND FACTS

### A. State Court Indictment

In 2006, Banks was indicted in Newton County, Georgia for: (1) aggravated assault, in violation of O.C.G.A. § 16-5-21 (Count 1); (2) possession of a firearm during the commission of a felony, in violation of O.C.G.A. § 16-11-106 (Count 2); (3) pointing a gun or pistol at another, in violation of O.C.G.A. § 16-11-102 (Count 3); and (4) criminal trespass (damage), in violation of O.C.G.A. § 16-7-21(a) (Count 4).

As to the aggravated assault charge, the indictment specifically alleged that Banks unlawfully "with a pistol, a deadly weapon, ma[de] an assault upon the person of Alvin Wilson by pointing said pistol at Alvin Wilson, in violation of O.C.G.A. § 16-5-21." As to the pointing-a-gun charge, the indictment alleged that

2

Banks "intentionally and without legal justification point[ed] a pistol at another person, to wit: Alvin Wilson, in violation of O.C.G.A. § 16-11-102." Banks pled not guilty and was represented by the public defender's office.

## B.    Trial Evidence

At trial, the victim, Alvin Wilson, testified that he was employed with the United States Army and stationed in Virginia. Wilson was married to Juliette Williams, who lived in their home in Covington, Georgia.

In January, 2006, Wilson received a call from his wife, who said she wanted a divorce and hung up. When Wilson was unable to reach his wife for several days, he accessed his wife's cell phone records and called one of the phone numbers. Defendant Banks answered and told Wilson that he (Banks) and Wilson's wife were in love.

On January 11, 2006, Wilson traveled to Covington to talk with his wife. Shortly after Wilson arrived at their home, his wife pulled into the garage. Wilson went into the garage to talk with her. As Williams got out of her car, another car pulled into the driveway. Wilson saw a man he did not know, but identified at trial as Defendant Banks, walk up the driveway with a handgun in his hand. Defendant Banks stuck the gun in Wilson's face for approximately ten or fifteen seconds and

3

told Wilson not to touch Williams.[1]  Williams told Defendant Banks to put the gun away, and Defendant Banks put the gun back in his car.  Wilson then went into the house to call 911.  With the phone in hand, Wilson returned to the garage, and Defendant Banks threatened him.  Wilson and his wife then went into the house and locked the door.

Defendant Banks then broke the door down and continued to tell Wilson not to touch Williams.  At one point, Wilson reached for his wife, and Defendant Banks "took a swing" at him.

Defendant Banks testified in his own defense.  Banks arrived at the Covington home after Williams invited him over to do laundry.  As Banks was retrieving his clothes from the back of his car, Banks saw Wilson look in the window of Banks's car and then run inside the house and return with a phone. Wilson was speaking into the phone, stating, "[H]e have a gun pointed at my head."  When Banks realized Wilson was referring to him, he dropped the clothes, closed the car hatch and told Wilson he was waiting for the police.

Banks admitted having a gun in his car, but denied pointing the gun at Wilson or breaking down the door and going inside the house.

## C.    Trial Court's Jury Charge

---

[1]Williams (Wilson's wife) also testified that Banks pointed a gun at Wilson's face for a few seconds.

4

In charging the jury, the trial court read the indictment, including that Count 1 charged that Banks "unlawfully with a pistol, a deadly weapon, ma[de] an assault upon the person of Alvin Wilson by pointing said pistol at Alvin Wilson in violation of OCGA Section 16-5-21 . . . ." The trial court instructed that the indictment and Banks's not guilty plea were not evidence, but formed the issue the jury was to decide.

The trial court further instructed that "[n]o person shall be convicted of any crime unless and until each element of the crime as charged is charged [sic] beyond a reasonable doubt" and that the State had the burden "to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt."

As to the aggravated assault charge, the trial court also instructed: (1) "[a] person commits the offense of Aggravated Assault when that person assaults another person with a deadly weapon"; (2) "[t]o constitute such an assault, actual injury to the alleged victim need not be shown" (3) "[i]t is only necessary that the evidence show beyond a reasonable doubt that the defendant intentionally committed an act that placed the alleged victim in reasonable fear of immediately receiving a violent injury"; and (4) "[a] firearm, when used as such, is a deadly weapon as a matter of law."

5

As to the pointing-a-gun charge, the trial court instructed that a person commits the offense of pointing a gun at another when "that person intentionally and without legal justification points or aims a gun or pistol at another whether or not the gun or pistol is loaded."

The trial court then reviewed the statutory definitions of each offense and instructed the jury on how to enter its verdict. The trial court explained that, as to each offense, if the jury found that Banks committed the crime as alleged in the indictment, the jury could find Banks guilty, but if the jury had a reasonable doubt, it was required to acquit him. As to the aggravated assault charge specifically, the trial court instructed again:

> If after considering the testimony and the evidence presented to you, together with the Charge of the Court, you should find or believe beyond a reasonable doubt that the defendant in Newton County, Georgia, did on or about January 11, 2006, commit the offense of aggravated assault as alleged in Count 1 of the indictment, you would be authorized to find the defendant guilty.

(emphasis added.) After the trial court concluded the instructions, Banks's defense counsel reserved objection to the charge. Before the jury retired to deliberate, the trial court said it would give the jury a copy of the indictment and the jury instructions.

## D.    Verdict and Sentence

6

The jury found Banks guilty of aggravated assault, possession of a firearm during the commission of a felony and criminal trespass.  It found Banks not guilty of "intentionally and without justification" pointing a gun at another.

On July 17, 2007, the trial court sentenced Banks to: (1) fifteen years on the aggravated assault conviction, with five years to be served in prison and ten years to be served on probation; (2) a consecutive five-year probationary sentence on the firearm possession conviction; and (3) a twelve-month prison sentence on the criminal trespass conviction.

At the sentencing hearing, Banks said he believed his trial counsel was ineffective.  The trial court stated a new attorney would be appointed for Banks in any direct appeal.

### E.    Banks's <u>Pro Se</u> Post-Trial Motions

After trial, Banks filed <u>pro se</u> motions, including: (1) "Post Conviction Motions for Arrest of Judgement, Judgement of Aquittal and/or Alternative Motion for New Trial [sic]" raising numerous trial errors; and (2) a motion for leave to file an appeal out of time with the trial court.  Banks's trial counsel filed a motion for a new trial.

### F.    Banks Refuses Counsel

The trial court appointed Banks new counsel.  New counsel filed: (1) a motion to modify Banks's sentence; (2) an amended motion for a new trial; and (3) a notice of defendant's intent to proceed pro se on appeal.

At a June 3, 2008 hearing on these post-trial motions with Banks's new counsel present, Banks said he wished to proceed pro se.  After questioning Banks about his decision, the trial court relieved Banks's new counsel from representation.

That same day, Banks filed a pro se motion for acquittal by the trial court, which argued that: (1) because his indictment specified that he committed the aggravated assault by pointing a pistol at Wilson, the State was required to prove that he pointed a gun at Wilson; (2) because the jury acquitted him of the separate charge of pointing a pistol at Wilson, his aggravated assault conviction was "unconstitutional and inconsistant [sic] therewith," constituted a "fatal variance" and violated his due process and equal protection rights; and (3) his trial counsel was ineffective for "refusing to raise these issues or file this post conviction motion."

At a July 1, 2008 hearing on the motions, Banks reaffirmed that he wanted to represent himself.  The trial court orally denied Banks's pro se and counseled motions.  The trial court then allowed Banks to raise his own ineffective counsel arguments in support of a new trial.  Banks contended that his trial counsel

8

was ineffective "because she refused to bring out things that [he] really needed brought out, such as the warrant that was signed by Judge Baker," which charged only misdemeanors, and not the felonies with which he was later convicted. The trial court denied Banks's new arguments as well.

On February 20, 2009, the trial court entered a written order denying all of Banks's post-conviction motions, including his motion to file an appeal out of time "nunc pro tunc, July 1, 2008." Banks did not appeal the trial court's February 20, 2009 order.

## G.    State Habeas Proceedings

In 2008, Banks filed pro se state habeas petitions in two separate state courts. After Banks was released on parole, the two cases were transferred to Newton County, where they were heard by the same court that conducted his criminal proceedings.

Relevant to this § 2254 appeal, Banks's state habeas petitions asserted that: (1) his indictment alleged that he committed aggravated assault by pointing a pistol at Wilson; (2) the jury found him not guilty of the separate of charge of pointing a gun at Wilson; and (3) thus, his convictions for aggravated assault violated not only Georgia law regarding inconsistent verdicts, but also his due process and equal protection rights under the Fifth and Fourteenth Amendments. Banks also argued that his trial counsel was ineffective for not raising an inconsistent verdict

9

argument and for not requesting that the trial court instruct the jury that pointing a gun at Wilson was an essential element of the aggravated assault charge.

On September 21, 2010, the state habeas court held an evidentiary hearing. Banks called Anthony Carter, the Circuit Public Defender for the Alcovy Judicial Circuit and the supervisor of Banks's trial counsel, to testify. Carter, who participated in Banks's trial, testified: (1) the jury's guilty verdict on Count One for aggravated assault, but not guilty on Count Three for pointing a gun at Wilson was inconsistent; (2) his office was "in the process of beginning to look into that for [Banks's] appeal" when Banks "determined that [he] wanted outside counsel" and discharged them; and (3) Banks's appellate counsel should have researched and pursued the inconsistent verdict issue on direct appeal. Banks did not ask Carter about the issues raised in this federal appeal: trial counsel's failure to request a jury instruction that specified the method of committing the aggravated assault

The State's attorney (who was also the prosecutor in Banks's criminal trial) pointed out that, once Banks was convicted, the public defender's office "did everything they were supposed to do to preserve [Banks's] appellate rights"; however, because Banks wanted to raise an ineffective assistance of counsel claim, a new attorney was appointed to handle his appeal, but Banks "adamantly said he did not want her to represent him."

After the hearing, the state habeas court denied Banks's two state habeas petitions, finding, <u>inter alia</u>, that Banks "presented no credible evidence to support his allegations of ineffective assistance of counsel." The Georgia Supreme Court denied Banks's application for a certificate of probable cause to appeal.

## H.    Federal Habeas Petition

On June 30, 2011, Banks filed this § 2254 petition. In relevant part, Banks alleged that his trial counsel was ineffective, among other claims, for not requesting a jury instruction that pointing a pistol at Wilson was a material element of the aggravated assault offense as it was charged in the indictment. Banks argued that the state habeas court's ruling on the ineffective assistance issue was contrary to clearly established law and unreasonably applied <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052 (1984).

A magistrate judge issued a report ("R&R") recommending that Banks's § 2254 petition be denied as to all claims. The district court agreed with the R&R and, over Banks's objections, concluded that Banks had not shown that the state habeas court's decision was contrary to, or an unreasonable application of, clearly established federal law. The district court denied Banks a COA.

On appeal, this Court granted Banks's motion for a COA on one issue:

11

Whether trial counsel was ineffective for failing to request jury instructions that specified the method, pursuant to the indictment, in which the offense of aggravated assault was committed.[2]

## II.  DISCUSSION

### A.    AEDPA

Under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court may not grant habeas relief on a state prisoner's claim that was denied on the merits in state court unless the state court decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).[3]

### B.    Ineffective Assistance Under Strickland

To establish constitutionally ineffective assistance, the defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense.  Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.  To establish deficient performance, the petitioner must show his counsel's performance was objectively unreasonable in light of prevailing professional

---

[2]On appeal, Banks asks this Court to consider all of the claims raised in his § 2254 petition.  We decline to review issues that are outside the scope of the COA.  See Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1356 (11th Cir. 2007).

[3]We review de novo the district court's determination whether the state court acted contrary to, or unreasonably applied, clearly established federal law or made an unreasonable determination of fact.  Reed v. Sec'y, Fla. Dep't of Corrs., 593 F.3d 1217, 1239 (11th Cir. 2010).

12

norms.  Id. at 687-88, 104 S. Ct. at 2064-65.  To satisfy Strickland's prejudice prong, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."  Id. at 694, 104 S. Ct. at 2068.

Our standard of review is "doubly deferential" when "a Strickland claim [is] evaluated under the § 2254(d)(1) standard."  Knowles v. Mirzayance, 556 U.S. 111, 123, 129 S. Ct. 1411, 1420 (2009).  "The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable—a substantially higher threshold."  Id. (quotation marks omitted).[4]

## C.    Georgia Law on Jury Instructions

Under Georgia law, to convict a defendant of aggravated assault with a deadly weapon, the State need only prove that the defendant: (1) committed an act with deadly weapon that (2) placed the victim in reasonable apprehension of immediately receiving a violent injury.  See O.C.G.A. §§ 16-5-20(a), 16-5-21(a); see also Atwell v. State, 293 Ga. App. 586, 587, 667 S.E. 2d 442, 444 (2008). Thus, while pointing a firearm at another is one method of committing an

---

[4]The state's position is that we apply AEDPA deference.  Banks did not set forth a different standard in his opening brief or file a reply brief disputing that AEDPA's deferential standard applied.  In any event, whether we apply deference or review de novo, we reach the same result.

aggravated assault if doing so causes the requisite apprehension, pointing a firearm at another is not an essential element of the offense.

Nonetheless, Georgia law provides that "[a]verments in an indictment as to the specific manner in which a crime was committed are not mere surplusage." Talton v. State, 254 Ga. App. 111, 112, 561 S.E. 2d 139, 141 (2002).  Thus, in criminal prosecutions, the jury instructions "must be tailored to fit the charge in the indictment and the evidence [adduced] at trial.  This is particularly true when the offense charged may be committed in one of several ways, but the indictment charges one specific method."  Id.

However, Georgia law also recognizes the "fundamental rule that jury instructions must be considered as a whole in determining whether the charge contained error."  Thomas v. State, 264 Ga. App. 389, 392, 590 S.E. 2d 778, 780 (2003) (quotation marks omitted).  Thus, if "[t]aken as a whole, the trial court's charge properly set forth the basis on which the jury was authorized to convict [the defendant]" there is no reversible error.  Id.; see also James v. State, 268 Ga. App. 851, 853, 602 S.E. 2d 854, 856 (2004).

## D.    Banks's Ineffective Assistance Claim

Here, we cannot say that the state habeas court's conclusion—that the trial counsel did not render ineffective assistance with respect the aggravated assault jury instruction—was contrary to, or an unreasonable application of, Strickland.

14

First, the trial court gave the general pattern instruction for aggravated assault with a deadly weapon. Second, and more importantly, the trial court read each count of the indictment verbatim, including, with respect to Count One, that the accused "unlawfully with a pistol, a deadly weapon, make an assault upon the person of Alvin Wilson by pointing said pistol at Alvin Wilson . . . ." The trial court then instructed the jury that the State had the burden "to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt."

Third, after giving the pattern jury instruction for aggravated assault with a deadly weapon, the trial court again charged the jury that it was only authorized to find Banks guilty of aggravated assault if it found beyond a reasonable doubt that he committed the offense "as alleged in Count 1 of the indictment." Importantly, too, the state trial court sent the written indictment and jury charge to the jury room.[5]

Fourth, Banks fails to take into account that his verdict on the aggravated assault count was not necessarily inconsistent because the pointing a gun count included the element that he acted "without justification," and the government had to prove that element. In contrast, the aggravated assault charge did not place the burden on the government to show Banks's conduct was without any justification.

---

[5]We also point out that the State had asked for additional jury instructions on the aggravated assault charge, but the trial court refused to give them.

For all of these reasons taken together, Banks did not show that it was objectively unreasonable for his trial counsel to not request a jury instruction on the specific method of committing the aggravated assault charged. Alternatively, even assuming Banks's attorneys performed deficiently, Banks did not demonstrate that his counsels' failure to request such a jury instruction prejudiced him. That is, Banks did not show a reasonable probability that, but for his counsels' failure to request the instruction, he would not have been convicted of aggravated assault.

Accordingly, Banks has not shown that the state habeas court acted contrary to, or unreasonably applied, Strickland in rejecting Banks's ineffective assistance of trial counsel claim.

**AFFIRMED.**